LOGAN, Appellant, *vs.* PHILLIPS *et al.*, Respondents.

1. A marriage contract is binding between the parties thereto, although not acknowledged or proved and recorded.
2. A widow's dower may be barred by an equitable jointure, notwithstanding the fourteenth section of the act concerning dower, (R. C. 1845.)
3. A liberal construction will be indulged in support of ante-nuptial settlements made as a substitute for dower. If the provision is ample, they will be upheld, without any nice discrimination between legal and equitable jointures.

### *Appeal from Perry Circuit Court.*

This was a suit brought by Rosannah W. Logan, to recover dower in certain lands and slaves of which her husband, John Logan, died seized and possessed. The defendants set up in bar of the claim of dower the following marriage contract between the plaintiff and her late husband :

"This agreement made and entered into this fifth day of November, A. D. 1844, by and between John Logan and Rosannah W. Searcy, both of the county of Perry and state of Missouri, witnesseth : that the said John Logan and Rosannah W. Searcy being about to enter into the bonds of matrimony, and being desirous that each should retain an exclusive right of control over his or her own property which they now own ; therefore, it is hereby mutually agreed and contracted that she, the said Rosannah W. Searcy, is to have complete and full control, ownership, possession and right to all the property she at this time holds (for and during the time the said marriage shall exist, that is to say, during the lives of both parties,) be that property real or personal : she shall have the right to dispose

of said property during the marriage by will or otherwise, and the same shall not be subject to the disposal or to the payment of the debts of said John Logan. It is understood also that said property shall include all debts, credits and choses in action to which the said Rosannah W. Searcy may at this or any future time be entitled—and in consideration of the above provisions, contract and agreement, the said Rosannah W. Searcy doth hereby agree and consent that the estate and property of the said John Logan, both real and personal, shall be exempt and acquitted from all claim and right which she might otherwise acquire in the same by virtue of the contemplated marriage between the said John Logan and her, the said Rosannah W. Searcy—either as dower or otherwise. In witness whereof, they, the said John Logan and Rosannah W. Searcy, have each hereto subscribed their names, and affixed their seals, this 5th day of November, A. D. 1844.

JOHN LOGAN, (seal.)

ROSANNAH W. SEARCY, (seal.)

This instrument was acknowledged before a justice of the peace on the day of its date and recorded. At the trial, the justice who took the acknowledgment was called to prove the execution. He testified that he went to the house of the plaintiff one evening at the request of John Logan, and there found Mr. Logan and the plaintiff, together with others. Mr. Logan asked Mrs. Searcy for the papers he had given her that day. Mrs. Searcy then produced the marriage contract offered in evidence. Witness was about to open it, when Mrs. Searcy objected, saying that she understood its contents. Both she and Mr. Logan said they acknowledged it, upon which witness took it home, and endorsed upon it his certificate of acknowledgment.

The Circuit Court decided that the execution of the contract was sufficiently proved, and that it was a bar to the plaintiff's right of dower. The plaintiff appealed.

*J. W. Noell*, for appellant. I. The marriage contract is void because not acknowledged before an officer authorized by

law to take such acknowledgments. R. C. 1845, tit. marriage contracts. II. The evidence given does not prove the execution of the contract. *Norman* v. *Wells*, 17 Wend. 136. *Kirk* v. *Turner*, 1 Devereux (N. C.) Rep. 14. III. The contract is not sufficient in law to bar the plaintiff's right of dower. 1. At common law, and before the statute of 27 Henry VIII., dower could not be barred by contract entered into in contemplation of marriage. Clancy on Rights, pp. 205, 219. Thomas' Coke, tit. jointure and dower. Bacon's Ab. tit. jointure and dower. 2. The statute of 27 Henry VIII. does not increase the capacity of parties to make contracts in bar of dower, considered as mere contracts, but only provides means by way of jointure by which dower may be barred. 3. Our statute makes no change in the statute of 27 Henry VIII., except that under our statute, jointures may consist of personal property. 4. The common law doctrine in relation to contracts between parties capable of contracting, never applied to contracts in bar of dower, either at common law or under the statute of 27 Henry VIII., nor does it apply to such contracts under our statute. 5. The contract set up by defendants does not possess the qualities of a good legal jointure, either under the statute of 27 Henry VIII. or under our statute. Clancy on Rights, pp. 209–10–11–22. 2 Blackstone's Comm. 138. R. C. 1845, tit. dower, sec. 12. *Whitehead* v. *Middleton*, 2 Howard's (Miss.) Rep. 692. IV. If the contract fails to be a legal jointure, *it is* no bar to dower, as the fourteenth section of the dower act does away with the whole doctrine of equitable jointures. See further, *Gould* v. *Womack*, 2 Ala. 83. 7 Mass. 153. 15 ib. 106. *Couch* v. *Stratton*, 4 Vesey, jr., 391.

*M. Frissell*, for respondents. 1. The contract is good between the parties, although not acknowledged or recorded. 2. Although not good as a legal jointure, it will be upheld in equity. R. C. 1845, p. 432, §12. *Walker* v. *Walker*, 1 Vesey, sr. Rep. 54. *Tew* v. *Winterton*, 3 Brown's Ch. Rep. 493. *John, Earl of Buckingham* v. *Drury*, 4 Brown's cases,

500. *Caruthers* v. *Caruthers*, 4 Brown's Ch. R. 509. *Simpson* v. *Guthridge*, 1 Madd. Ch. Rep. 329. *Williams* v. *Chitty*, 3 Ves. 551. 14 Ohio Rep. 610. *Selleck* v. *Selleck*, 8 Cow. Rep. 85. *Andrews* v. *Andrews*, 8 ib. 80. *Jones* v. *Powell*, 6 J. C. R. 194. 13 Wend. 553.

SCOTT, Judge, delivered the opinion of the court.

1. Under the statute concerning marriage contracts, it is not necessary that a nuptial agreement should be acknowledged or proved and recorded, in order to make it binding between the parties thereto. The object of recording such instruments is, to impart notice to purchasers and creditors, and if they are not affected by an omission to record them, those who form them cannot object to their validity, that they have not been acknowledged and recorded. Notwithstanding the generality of the first section of the act, the sections which follow clearly indicate the purpose of the legislature in requiring marriage contracts to be recorded, and show that, as between the parties to them, they are binding, although they are not acknowledged or proved, and recorded. The justice of the peace who took the acknowledgment of the contract under consideration had no authority to do so, yet, as he was examined as a witness, his testimony clearly proved the execution of the instrument, and, as between the parties, that was all that was necessary to make it evidence.

2. Two maxims of the common law rendered it impossible to bar a widow of her dower by any conveyance of lands, either before or during the marriage. The first of these maxims was, that no right could be released until it accrued ; the other was, that no right or title to an estate of freehold could be barred by a collateral satisfaction. When the statute of uses, 27 Henry VIII. transferred the legal estate to those who were entitled to the use of the lands, all women then married, would have become dowable of such lands as had been held to the use of their husbands ; to prevent this, as well as for the future to

make a provision by which dower might be barred, which was a great hindrance to alienations in consequence of the cumbrous process by which the relinquishment of the wife could only be obtained, the tenth section of the statute, above referred to, was inserted, which established a mode by which the legal right to dower might be barred. In the construction of this section, it was held that, if the provision made for the wife be not a legal jointure within the act, she is not at law put to her election, but will be entitled to both provisions, that is, to her dower, and to that which was intended for a jointure. This being the construction of the act in the courts of law, courts of equity deeming it unjust that widows should have both dower and the provision intended as a substitute for it, interfered and obliged the widow in every such case to make her election between that which was designed as a legal jointure and her legal right to dower. When the widow elected or was compelled to take the provison substituted for dower, it was called an equitable jointure, and this is the origin, it is believed, of the jurisdiction of courts of equity in matters of this kind. Lomax on Real Property, 122–3. The widow was put to her election, as well where the jointure was made during coverture, as where it was made before, but nothing by way of jointure could be a legal bar to dower but that which was settled prior to the marriage. Under what circumstances a widow should be put to her election, where a provision has been made for her subsequently to the marriage, is a matter which has caused great litigation in the courts of equity in England. Our code, by providing that, if any contract or agreement for jointure be made after marriage, or be made before marriage and during infancy of the wife, the widow may, at her election, renounce her jointure and have dower, and that any real estate, devised to a wife, shall be in lieu of dower, unless it is otherwise declared by the testator in his will, has avoided many of the perplexing questions arising on this subject.

The fourteenth section of the act concerning dower enacts, that when any deed, contract or agreement for jointure, in lieu

of dower, shall, through any default, fail to be a legal bar to dower, and the widow, availing herself of such default, shall demand her dower, then the estate and interest so conveyed to such widow, shall cease and determine. This controversy, growing out of a contract for jointure made by adults before marriage, it is maintained, that this provision has taken away all pretence for the interference of courts of equity in this matter, and that the only consideration which can arise is, whether the provision is such a one · as is contemplated by the twelfth section of the act which defines what a jointure shall be, and if it is not such as is contemplated, then it fails and the wife is entitled to her dower at law. In a word, it is contended, that all the doctrine concerning equitable jointures or bars of dower, in cases like the present, has no longer any existence under our system of law. In Virginia and Ohio, provisions similar to the fourteenth section of our dower law prevail, and notwithstanding it is maintained that equitable jointures still exist and will defeat the legal claim of dower. 1 Lomax, 122–3. *Stilley* v. *Folger*, 14 Ohio Rep. 610. Indeed the provision of our statute, relative to jointures, is so dissimilar to the tenth section of the 27 Hen. VIII., in relation to the same subject, that it· cannot be a matter of easy discrimination, between a legal and equitable jointure, from ·the adjudged cases. By the English statute, among other requisites, an estate, to bar dower, must be limited to the wife herself and not to any other person in trust for her; the jointure, too, could only be of real estate. Our statute allows a trust as well as personal estate, to constitute the provision which shall be a legal bar of dower. In the courts of equity in England, it would appear that the only consideration is, whether the provision made be equivalent to a legal jointure under the statute; if it be, the rule then is, to follow the law, in the substance, without regard·to the form in which the object is sought to be effected. If the provision made be equal in value to what a court of law would admit, as a jointure, then it will be binding in equity. Clancy, 229. When a contract was made

by a woman of full age before marriage, by which, for a sufficient consideration, she relinquished her right of dower in her future husband's real estate, it was sustained by courts of equity. Being *sui juris*, and free from the control of any one, it was not perceived why her contracts should not be binding as well as those of all other adults. The provision in the statute concerning jointures, was introduced to enable married men to convey their estates freed from the incumbrance of dower, which was a great burden on alienations. We have seen that our statute permits dower to be barred by a jointure of personal estate. It does not say, in terms, that such an estate may be in trust, but as marriage is by law a gift to the husband of all the personalty in possession of the wife, such estates would be extremely convenient in framing the settlements designed to bar the right of dower.

3. Influenced by the doctrine of courts of equity, in relation to this subject, and by the departure of our statute from the English law of jointures, we are warranted in indulging a liberal construction in support of settlements made as a substitute for dower. Disregarding forms, the aim should be to protect the rights of dower, and if that object is attained by the agreement, the law is satisfied, without any nice discriminations between legal and equitable jointures. By the marriage, all the personalty of Mrs. Logan was immediately vested in her husband, and the ante-nuptial contract impliedly created a trust, which secured it for her future use. The contract conferred the entire property on the wife, and the provision allowing her to dispose of it by will was introduced in conformity to the requirement of the statute of wills, as otherwise being a married woman, during her coverture, she would have had no power of disposition. This power shows that the entire estate was in her. Judging from the estate of the deceased husband, as set forth in the petition, the provision made by the contract was, under the statute, a good and sufficient jointure to bar the complainant's right to dower. The other judges concurring, the judgment of the court below will be affirmed.