HAYDEN'S ADMINISTRATOR, Respondent, v. HAYDEN'S ADMIN-
ISTRATOR AND OTHERS, Appellants.

1. In order to entitle a widow, under section 2 of the dower act, (R. C. 1845,
p. 430,) to a share of slaves belonging to the deceased husband equal to
the share of a child of such deceased husband, it is not necessary that she
should make an election so to take.

*Appeal from Pike Circuit Court.*

This was an application to the Probate Court of Pike county,
by the administrator of Sarah Ann Hayden, deceased, widow
of James R. Hayden, praying that a child's share, one-fourth,
of a sum of money existing in the hands of the administrator
of said James R. Hayden, (who, with the children of said Hay-
den, were made parties defendant to this proceeding,) and which
sum of money was the proceeds of a sale of slaves belonging
to the estate of said Hayden, and was not needed for the pay-
ment of debts, might be paid to him as the administrator of
said widow. The facts sufficiently appear in the opinion of the
court.

*A. H. Buckner*, for appellant.

I. In order to entitle plaintiff to a recovery, there should have
been an election on the part of the widow.

*Broadhead*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

James R. Hayden died intestate subsequent to the year 1850,
leaving a widow and three children. Shortly after the death of
James R. Hayden, his widow, Sarah Ann Hayden, died intes-
tate. The children were by a former marriage. The estate of
James R. Hayden was administered upon by McKinley Hays,
and the estate of Sarah Ann Hayden, his widow, by Thomas
Fletcher. The children of James R. Hayden apply to the Pro-
bate Court of Pike county for a partition of the slaves of their
deceased father's estate, and the question here is, what inter-

est the administrator of the widow is entitled to in these slaves. The widow never made any election as to what interest in the slaves she would take.   The Probate Court decided that she was entitled, without any election, to a child's part, that is, one-fourth, in the present case.   An appeal was taken to the Circuit Court, where this decision was again made.   The correctness of this decision is the only question here.

By the second section of the dower act of 1845, the widow is " entitled absolutely to a share in the slaves, and other personal estate, belonging to the husband at the time of his death, equal to the share of a child of such deceased husband, or at her option to one-third part of the slaves of such husband during her natural life, and one-third part of the other personal estate, absolutely ; in either case subject to the payment of her husband's debts."   By the 4th section, " when the husband shall die, leaving such child or descendants, but not by his last marriage, his widow may, in lieu of dower, elect to take, in addition to her real estate, the slaves and other personal property in possession of the husband, that came to him in right of the wife, by means of the marriage."   By these provisions, it is plain that the right of the wife to a share in the slaves and other personal estate, equal to a child's share, does not depend upon her election.   She has an option to reject this provision and to choose another ; but if she dies without making use of this privilege, the administrator of her estate can claim this child's part as her property.   By the dower law, the wife's right to dower vests immediately upon the death of the husband, both as to realty and personalty.   (Hastings v. Myers' adm'r, 21 Mo. 519.)

The court below, then, decided this question correctly.   The right of the widow to a share in the slaves, equal to a child's part, does not depend upon any act to be done by the widow; the right vests immediately, and, unless she chooses to take otherwise, no one can choose for her.   The law confers on her a child's part, but gives her the option to reject this part.   Now, unless this will to choose is exercised, the child's portion be-

comes the widow's portion. She must do something indicative of casting off this right, otherwise it attaches and remains fixed.

Let the judgment below be affirmed ; the other judges concurring.