IN RE ESTATE OF RUBY G. FERGUSON, Deceased, WILSON J. FERGUSON, Administrator, v. BETTIE H. GENTRY et al., Appellants.

**Division One, July 13, 1907.**

1. **HUSBAND: Curtesy: Share of Personal Estate.** The husband of a wife who dies intestate is entitled to the articles and personal property called for by section 111, Revised Statutes 1899, whether or not he has curtesy in her estate. That section was intended to confer on the husband the rights corresponding to those conferred on the wife by sections 105, 106, 107, and 109, whether a child was born to him and the deceased wife or not.

2. **STATUTE: Meaningless Words: Main Purpose: Curtesy.** Although it is a rule of construction that all words used in a statute must be given a meaning and a purpose if that can be reasonably done, yet when the main purpose of a statute appears it must not be defeated in order to give effect to words that seem useless or out of place. And guided by this rule it will not be held that the words "in addition to curtesy" used in section 111, Revised Statutes 1899, were meant to defeat the right of a husband, who had no curtesy, to certain articles and personal property belonging to his deceased wife.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*W. D. Steele, N. T. Gentry, W. M. Williams* and *Geo. P. B. Jackson* for appellants.

The Act of 1895, now section 111, Revised Statutes 1899, has no application in this case. It is only intended to confer the right to the special property and the allowance mentioned, upon a man who was already entitled to curtesy in his wife's estate. As there were no children born to the marriage of Mr. Ferguson and Ruby Gentry, he was not entitled to curtesy, and therefore was not entitled to the other allowance and property, the right of which depended upon his right to curtesy. The terms used in this statute are to be construed according to their technical import. R. S. 1899, secs. 65-70, 4100; Weindel v. Weindel, 126 Mo. 645. They are also to be construed in connection with the other sections of the statute which are specifically mentioned, and which together constitute the entire scheme of the law in that particular, and so construed, plaintiff does not fall within the purview of the statute. Dobson's Admrs. v. Butler's Admrs., 17 Mo. 87; Hastings v. Myers, 21 Mo. 519; Weindel v. Weindel, 126 Mo. 651.

*Sangree & Bohling, Montgomery & Montgomery* and *Charles E. Yeater* for respondent.

Appellants' contention that section 111, Revised Statutes 1899, does not apply in this case, where no children were born of the marriage, because it reads that if a wife shall die intestate, owning personal property, in addition to curtesy the widower shall be allowed to keep, etc., is untenable. The statute gives the absolute interest in one-half the wife's personal property,

not on the antecedent condition that curtesy shall exist, but over and in addition to curtesy, in case it does exist. The preceding section, 105, gives the widow certain well-known absolute rights in the personal property of the husband "in addition to dower," and the same construction would deprive a widow of those rights if her husband had died without real estate. The declared purpose of this section is to confer on the husband the same rights in the wife's estate as she had in his, and it has been expressly ruled that the courts should realize this purpose by a broad construction of the statute. Wood v. Donaldson, 87 Mo. App. 6.

VALLIANT, P. J.—The facts of this case are the same as those in Wilson J. Ferguson v. Bettie H. Gentry, supra, page 189, except that that was a suit for partition of the real estate and this concerns the final settlement and distribution of the personal estate of the intestate.

On final settlement in the probate court the surviving husband of the intestate was adjudged entitled to one-half the personal property belonging to the wife at the time of her death under the terms of the Act of March 2, 1895, now section 2938, Revised Statutes 1899, and also to the articles and property called for by section 111, of the chapter entitled "Administration." From the judgment of the probate court an appeal was taken to the circuit court, where judgment to the same effect was rendered and the distributees have brought the cause here by appeal.

The point is presented in this matter, as it was in Ferguson v. Gentry, above mentioned, that the Act of March 2, 1895, under which the husband was adjudged to be entitled to one-half the estate was unconstitutional. What we have said in the opinion in that case applies to this case so far as that point is involved.

As to the allowance made to the surviving husband under section 111, Revised Statutes 1899, the point

advanced is that that section does not apply to this husband because there was never a child born to him and his now deceased wife, therefore he had no curtesy in the land she owned, and that the provision of section 111 is conditioned on the husband's having an estate by the curtesy. That section is in these words: "If a wife shall die intestate, owning personal property in her own name, in addition to curtesy her widower shall be allowed to keep as his absolute property all the articles and property, and be entitled to all the remedies and reliefs as relates to the deceased wife's property, as is now provided for the widow in the deceased husband's property, under and by virtue of sections 105, 106, 107 and 109 of said article and chapter."

To give to this section the meaning that appellants would give it, we would have to interline an additional condition to the one therein expressed, that is to say, we would make the section read thus: "If a wife shall die intestate, owning personal property in her own name, in addition to curtesy her widower, *if he have curtesy*, shall be allowed to keep," etc. That would be a material amendment to the original. The statute as it stands in the book has but one condition; that is, "If the wife shall die intestate, owning personal property in her own name." Reading this section in connection with section 105 we see that it was intended to place the surviving husband in relation to his deceased wife's personal estate, in the particular therein specified, in a like position to that of the surviving wife to her deceased husband's personal estate in the same particular. Section 105, which confers the similar right on the wife, starts out with saying: "In addition to dower, the widow shall be allowed to keep," etc. Section 111 refers to section 105 and those following relating to the same subject and expressly shows that its purpose is to confer on the husband rights corresponding to those conferred on the wife in those sections. It

can with no more reason be said that the right conferred on the husband was conditioned on his having an estate by the curtesy, which relates only to real estate, than that the similar right conferred on the wife was on condition that there should be real estate in which she would have dower. That the word dower in the first line of section 105 means dower in real estate is shown by section 108 which provides that the personal property allowed the widow in sections 105 and 106 is to be deducted from her dower in the personal estate. The reason no such terms as are imposed on the wife in section 108 are imposed on the husband in section 111 is that there is no right given the surviving husband in his deceased wife's estate corresponding to what in section 108 is called her dower in the personal estate given her by section 2937, Revised Statutes 1899.

It is argued that unless the words "in addition to curtesy" were intended to limit the right conferred to those having curtesy they have no meaning. Perhaps the words are unnecessary, since it is hardly probable that without those words it would be contended that the provision there made was to take the place of curtesy, but although the purpose of using them is not very clear and although it is a rule of construction that all the words used in a statute must be given a meaning and a purpose if it can be reasonably done, yet when the main purpose of the statute appears it must not be defeated in order to give effect to words that seem useless or out of place. This statute was intended as we have already said to give the husband a like interest in his deceased wife's estate that she would have in his estate if she had been the survivor, and to make that purpose very clear the writer of the statute doubtless followed the phraseology of section 105, interchanging words as required, writing widower in one where widow was in the other and curtesy where dower.

We hold that the term "in addition to curtesy" in

section 111 does not mean that the right therein given the surviving husband is conditioned on his having curtesy; if he have curtesy this is given him in addition, if he have not curtesy it is given him any way.

The judgment is affirmed.

All concur, except *Lamm, J.,* not sitting, having been of counsel.