BETTY H. LAWRENCE, Claimant, Appellant, v. JOHN M. LAWRENCE, Exr. etc., Respondent.

In the Kansas City Court of Appeals, April 3, 1922.

1. **HUSBAND AND WIFE: Dower: Antenuptial Contract: The Term "Dower Interest" Used in Antenuptial Contract Held to Cover Personal as Well as Real Property.** In an action, arising in the Probate Court, to determine the rights of a widow in the estate of her deceased husband, she claiming a child's part in the personal property under the provisions of section 319, Revised Statutes 1919, it was contended that the word "dower," used in an ante-nuptial contract, wherein wife agreed that she would not, either before or after the death of her husband, claim any interest in any real

or personal property of the husband at the time of the marriage, etc., and wife consented that the husband could dispose of by will any of his real and personal estate to whomsoever he might wish, and bound herself that she would not in any way interfere with or atttempt to set aside the will, *held*, that when the parties used the words "dower interest" therein, they used that term as covering the personal as well as the real property that the husband might be possessed of at the time of his death.

2. ———: ———: ———: **Child's Share of Personal Property Given to Widow by Statute on Death of Husband Held Barred by Terms of Antenuptial Contract.** Under section 319, Revised Statutes 1919, the child's share of personal property given a widow on the death of her husband was included by the express terms of an antenuptial contract, supported by a valuable consideration, whereby she agreed not at any time, before or after the death of her husband, to attempt to obtain any interest in the real or personal property of the husband, and she was thereby barred therefrom.

Appeal from the Circuit Court of Randolph County.— *Hon. A. W. Walker,* Judge.

AFFIRMED.

*John N. Hamilton* for appellant.

*Hunter & Chamier* for respondent.

BLAND, J.—This action, arising in the probate court, is to determine the rights of the widow in the estate of her deceased husband, she claiming a child's part in the personal property under the provisions of section 319, Revised Statutes 1919. This is the second claim made against the estate by the widow. [See Lawrence v. Lawrence, 208 S. W. 496, where all the facts necessary to be known in a determination of the issues involved in the present case are stated.] In that opinion we held that the widow was entitled to her bounties given her under sections 114, 115 and 116, Revised Statutes 1909. These bounties have been awarded the widow. She now seeks the rights given a widow under section 319, Revised Statutes 1919. The pre-nuptial agreement

had between plaintiff and the deceased is very lengthy and the material parts of it are set forth in the opinion in the other case. It would be useless to encumber this opinion by again copying these provisions.

Deceased left a will giving his personal estate to his eight children after giving his wife the sum of $2500 to satisfy the ante-nuptial contract. The evidence in this case shows that the personal property of the deceased was inventoried at $48,621.30. It is claimed that the word "dower" as used in the ante-nuptial contract referred only to the interest of the widow in the real estate of the deceased and not in the personal estate mentioned in section 319. The personal property given to the widow in this section of the statutes and analogous provisions thereof has been held by some decisions to be dower. [Finnell Estate v. Howard, 191 Mo. App. 214; Kerwin v. Kerwin, 204 S. W. 925; in re Ferguson Estate, 206 Mo. 203, 207; Griffith v. Canning, 54 Mo. 282, 284; Cummings v. Cummings, 51 Mo. 261, 263; Pemberton v. Pemberton, 29 Mo. 408; Tucker v. Tucker, 29 Mo. 350; McFarland v. Baze's Admr., 24 Mo. 156; Hayden's Admr. v. Hayden's Admr., 23 Mo. 398; Hastings v. Myer's Admr., 21 Mo. 519; Stone v. Stone, 18 Mo. 389; McLaughlin v. McLaughlin's Admr., 16 Mo. 242, 250; Davis v. Davis, 5 Mo. 183.] Section 319, Revised Statutes 1919, has appeared (amended slightly) in the chapter relating to dower in all of our Revised Statutes from and including those of 1855, section 4, chapter 56, Revised Statutes 1855; Section 4, chapter 131, Revised Statutes 1865; Section 2189, Revised Statutes 1879; Section 4517, Revised Statutes 1889; Section 2937, Revised Statutes 1899; Section 349, Revised Statutes 1909; Section 319, Revised Statutes 1919. Other cases hold that the personal property given to the widow in section 319, Revised Statutes 1919, and in analogous sections, is not dower but is taken by the widow as a distributee. [In re Estate of Messersmith, 264 Mo. 610, 619; Howard v. Strode, 242 Mo. 210, 218; Bryant v. S. C. McCune, 49 Mo. 546.]

Whether the word "dower" in a strict legal sense relates to interest in personal property where that term is used in a contract, such as the one in the case at bar, without any other words showing what was actually the intention of the parties in using such word, is not necessary for us to decide because it seems to us that by express and unequivocal language used in the contract that it was the plain intent of the parties in using this word to mean dower in personal property as well as in real estate. This for the reason that we find in the contract that plaintiff "in consideration of the above agreement" agrees "that she will not at any time either before or after the death of the said R. M. Lawrence after he becomes her husband set up or seek to obtain any interest in or to obtain any right or title to or in any real or *personal property* owned by the said R. M. Lawrence at the time of their or his marriage to said Betty H. Green or during his lifetime, or after his death . . . Said Betty H. Green consents that he may bequeath or dispose of by will such real estate or *personal property* to whomsoever he may wish and that whatever the bequest may be by the said R. M. Lawrence by his last will and testament the said Bettie H. Green hereby consents and binds herself that she will not in any way interfere with or in any manner attempt to set aside." (Italics ours.) In view of the entire provisions of the contract we think that it cannot be gainsaid that when the parties used the words "dower interest" they used that term as covering the personal estate as well at the real property that R. M. Lawrence might be possessed of at the time of his death.

However, it is insisted "that the widow must receive under the ante-nuptial contract property as a provision for her support during her life. It is against public policy to allow a man by agreement before marriage, which does not secure for the wife a provision for her support during life after his death, to bar statutory rights." In support of this contention plaintiff cites

210 M. A.—3

the cases of Mowser v. Mowser, 87 Mo. 437, 440; Farris v. Coleman, 103 Mo. 352, 360; and In re Estate of Fritch, 179 Mo. App. 434. In the first two of these cases the wife received nothing from the husband and there is nothing in the last case cited to support the contention. If plaintiff means that the contract, to the minds of the triers of the fact, must, as a matter of fact, make an adequate provision for the support of the widow during the remainder of her life, then there can be no merit in her contention. Both parties to the ante-nuptial contract were *sui juris* and had a right to make any contract they saw fit (unless, perhaps, such a contract should provide that the provision made for her should not be for her life) so long as there was a valid consideration to support it, and the husband did not overreach his wife in procuring it. [Logan v. Phillipps, 18 Mo. 22, 28; 10 Amer. & Eng. Ency. of Law (2 Ed.), p. 209.] There was a valuable consideration to support this contract and there is no pleading or evidence, although plaintiff's pleading is formal, setting up any fraud or any unfair advantage taken of plaintiff by deceased. We, therefore, are of the opinion that the pr perty given the widow under section 319, Revised Statutes 1919, was mentioned in express terms in the ante-nuptial contract and is there barred by it. [Lawrence v. Lawrence, supra; Lowe v. Lowe, 163 Mo. App. 209; Coulter v. Lyda, 102 Mo. App. 401.] There is no question but that the bounties awarded the widow under sections 114, 115 and 116, Revised Statutes 1909, are not dower in any sense (Glenn v. Gunn, 88 Mo. App. 423), so this case is not like the other one brought by plaintiff against the estate, for we held in that case that the contract by mentioning dower did not bar plaintiff's bounties while in this case, in view of all of the provisions of the contract, the term "dower" as used therein meant the personal property given the widow under section 319, Revised Statutes 1919.

The judgment is affirmed. All concur.