[Civ. No. 5327. First Appellate District, Division One.—January 27, 1927.]

## ELIZABETH MARSHALL, Respondent, v. LILLIAN P. FOOTE, Appellant.

[1] WORKMEN'S COMPENSATION ACT—FAILURE OF EMPLOYER TO COMPLY WITH ACT—INJURIES TO EMPLOYEE—ACTIONS.—An action at law may be maintained by an employee against his employer to recover damages for personal injuries without first filing an application with the Industrial Accident Commission for compensation, where the employer has failed to comply with section 29 (b) of the Workmen's Compensation Act (Stats. 1919, p. 921), with respect to securing payment of compensation to injured employees.

[2] ID.—SECTION 29 (B) OF ACT—ELECTION OF REMEDIES.—The word "may" as used in section 29 (b) of the Workmen's Compensation Act, which provides that an employee "may" file an application with the Industrial Accident Commission, "and, in addition thereto . . . may bring an action at law for damages," is used in a permissive sense and not in the sense of "must," and an employee is not required to prosecute two remedies to recover compensation for the same injuries and the employer to defend two proceedings, but the employee is given two distinct remedies, either or both of which he may pursue, the latter remedy not being dependent upon the exercise of the former.

[3] STATUTORY CONSTRUCTION—LEGISLATIVE INTENT.—In construing a statute, the court must look at the context, and the result that would follow, in order to arrive at the legislative intent.

[4] ID.—STATUTE SUSCEPTIBLE OF TWO CONSTRUCTIONS.—If a statute is fairly susceptible of two constructions, one leading inevitably to mischief or absurdity and the other consistent with justice, sound sense, and wise policy, the former should be rejected and the latter adopted.

[5] ID. — CONSTRUCTION OF WORD "MAY" — LEGISLATIVE INTENT. — The word "may" can be construed in a mandatory sense only when necessary to give effect to the clear policy and intent of the legislature.

[6] WORKMEN'S COMPENSATION ACT—ATTORNEY'S FEES—JUDGMENTS— CONSTITUTIONAL LAW.—Section 29 (b) of the Workmen's Compensation Act, to the effect that "such judgment shall include a

---

1.  See 27 Cal. Jur. 263.
3.  See 23 Cal. Jur. 766; 25 R. C. L. 1017.
4.  See 25 R. C. L. 1019.
5.  See 23 Cal. Jur. 614; 25 R. C. L. 767.

reasonable attorney's fee to be fixed by the court," is appropriate legislation under article XX, section 21, of the constitution, which provides that the legislature is vested with plenary powers to create and enforce a complete system of workmen's compensation, and the investiture in the judicial power of jurisdiction to impose said penalty is a valid exercise of legislative authority.

[7] ID.—SECTION 29 (B) OF ACT—ATTORNEY'S FEES—CONSTITUTIONAL LAW.—Section 29 (b) of the Workmen's Compensation Act, providing for the fixing by the court of a reasonable attorney's fee in an action brought by an employee against his employer for personal injuries, where the employer has not brought himself within the act, is not violative of the fourteenth amendment to the constitution of the United States as an arbitrary discrimination, such provision of the act operating uniformly upon all who stand in the same relation to it.

---

(1) Workmen's Compensation Acts, C. J., p. 135, n. 47 New. (2) Workmen's Compensation Acts, C. J., p. 135, n. 47 New. (3, 4) 36 Cyc., p. 1107, n. 36, p. 1131, n. 73. (5) 36 Cyc., p. 1160, n. 34. (6) Workmen's Compensation Acts, C. J., p. 11, n. 57. (7) 12 C. J., p. 1178, n. 42.

APPEAL from a judgment of the Superior Court of Los Angeles County. Percy S. King, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton for Appellant.

Guy Eddie, Howard J. Fish and Wm. F. Adams for Respondent.

KNIGHT, J.—The plaintiff herein was employed as a nurse in a hospital owned and operated by the defendant and during the course of such employment was injured as a result of falling down a flight of stairs into the basement in one of the hospital buildings. At the time of the accident defendant had not complied with the requirements of the Workmen's Compensation Act with respect to securing payment of compensation to injured employees, and consequently plaintiff, availing herself of the provisions of section 29 (b) of said act, brought this action for damages and recovered a judgment for $1,090, plus the sum of $250 attorney's fees, from which judgment the defendant appeals.

Said section 29 (b) provides, in part as follows: "If any employer shall fail so to secure the payment of compensation, any employee or his dependents may proceed against such employer by filing an application for compensation with the commission, *and, in addition thereto,* such injured employee or his dependents may bring an action at law against such employer for damages, the same as if this act did not apply . . . ''; and after granting to the employee the right of attachment and providing for the allowance of a reasonable attorney's fee, declares "that if as a result of such action for damages a judgment is obtained against such employer in excess of the compensation awarded under this act, the compensation awarded by the commission, if paid, or if security approved by the court be given for its payment, shall be credited on said judgment; . . . " (Stats. 1919, pp. 921, 922.)    (Italics ours.)

As grounds for reversal defendant contends that, under the provisions of the section just referred to, the filing of an application for compensation with the Industrial Accident Commission is prerequisite to the commencement of an action at law for damages; that such application was not filed, and that since the six months' period fixed by section 11 of said act as the time within which the same might have been filed was allowed to elapse, the remedy of an action for damages afforded under said section is barred.

[1] Defendant did not plead as a defense the failure of plaintiff to file such an application, nor does the record disclose that it was not in fact filed, the appeal herein having been taken on the judgment-roll alone. But even assuming that defendant may now raise the point, upon the theory that the filing of such an application constitutes a jurisdictional fact relating to the subject matter of the action which plaintiff should have alleged in her complaint, and that the failure to allege such fact may be taken advantage of by demurrer, as defendant did here, and also at any later stage of the proceedings (2 R. C. L., p. 88), we are of the opinion that the contention that an injured employee may not commence or maintain an action at law for damages, under said section 29 (b), without first having filed an application for compensation with said commission cannot be sustained. Such section does not so declare in terms, as doubtless would have been the case if such prerequisite had

been contemplated, nor does the language of said section fairly imply that such was the intention. [2] On the contrary, the wording of the section, reasonably construed, means, we think, that upon failure of the employer to comply with the provisions of the act relating to securing payment of compensation for injuries to employees, an injured employee is given two distinct remedies, either or both of which he may pursue, the language used being that he "may" file an application with said commission "and in addition thereto . . . *may* bring an action at law . . . for damages" (italics ours), nothing contained in said section indicating that the two remedies were intended to be interdependent or that they must be exercised concurrently, in order to maintain the latter.

In the case of *Ferguson's Estate* v. *Gentry,* 206 Mo. 203 [104 S. W. 108], in giving interpretation to the term "in addition to curtesy," as used in the probate law of that state, the court held that said term "does not mean that the right therein given the surviving husband is conditioned on his having curtesy; if he have curtesy this is given him in addition, if he have not curtesy it is given him anyway." And so here, the exercise of the latter remedy afforded by section 29 (b) is not conditioned nor made dependent upon having exercised the former; if the employee, under the circumstances there stated, shall have filed his application for compensation with the commission, the remedy of an action at law is given him "in addition thereto"; or if he shall not have filed such application, the remedy of an action at law is given him anyway.

"A construction should not be given to a statute, if it can be avoided, which will lead to absurd results, or to a conclusion not contemplated by the legislature." (*Merced Security Sav. Bank* v. *Casaccia,* 103 Cal. 641 [37 Pac. 648].) [3, 4] The court must look at the context, and the result that would follow, in order to arrive at the legislative intent (*Stockton School District* v. *Wright,* 134 Cal. 64 [66 Pac. 34]) ; and if a statute be fairly susceptible of two constructions, one leading inevitably to mischief or absurdity and the other consistent with justice, sound sense, and wise policy, the former should be rejected and the latter adopted. (*In re Mitchell,* 120 Cal. 384 [52 Pac. 799].)

In order to adopt defendant's proposed construction of said section 29 (b) it would be necessary to judicially correct the word "may" as used in connection with the filing of said application to read "must"; and it would follow, to be consistent, that the word "may" as afterward used in relation to the commencement of the action at law should also be read as "must." Evidently the effect of such construction would lead to the singular situation of compelling an injured employee, in every case where there was a failure of the employer to comply with the law, to prosecute two remedies to recover compensation for the same injuries, even though he were content with the adequacy of the relief to be afforded through one; and it would also operate to the detriment of a nonsecuring employer, because in every such case he would be compelled to defend two proceedings, and if unsuccessful therein, be obliged to pay two allowances for attorney's fees. Such construction, we think, would be a strained one, for it would impose additional burdens upon both employee and employer which apparently were never contemplated nor intended. "While the courts have never hesitated to construe 'may' as 'must' or 'shall' when the context and the policy of the law demanded that interpretation, the legislative intention must plainly appear before such judicial correction will be made." (*Ostrander* v. *City of Richmond,* 155 Cal. 468 [101 Pac. 452].)

Aside from the question of the possible consequence of compelling the exercise of two remedies in every case, and considering the meaning of said section from another viewpoint, no good reason appears for compelling an injured employee to file an application for compensation with the commission, where he has elected to sue at law for damages. Nowhere does the section suggest that the result of the action at law shall be made contingent or dependent upon the result of any proceedings taken before said commission; but, on the contrary, provides that the injured employee may bring said action for damages "the same as if this act did not apply." Neither has it been shown that any beneficial result would inure to either the employer or the employee by requiring the filing of such an application as a condition to the commencement of the action at law. [5] It is only where it is necessary to give effect to the clear policy and intent of the legislature that the word "may"

can be construed in a mandatory sense, and, where there is nothing in the connection of the language or in the sense and policy of the provisions to require an unusual interpretation, its use is merely permissive and discretionary. (*Kremble* v. *McPhaill*, 128 Cal. 444 [60 Pac. 1092].)

The effect of construing the word "may" in the ordinary permissive sense in which it is written in the statute does not nullify the provisions therein permitting the filing of an application for compensation with said commission, for as already pointed out, under such construction, the injured employee may, at his option, pursue the single remedy before the commission, or the single one at law for damages, or both.

[6] We find no merit in the contention of defendant that the provision contained in said section 29 (b), to the effect that "such judgment shall include a reasonable attorney's fee to be fixed by the court," is not appropriate legislation under article XX, section 21, of the state constitution. Said constitutional provision in terms declares that "the legislature is hereby expressly vested with plenary powers, unlimited by any provision of the constitution, to create and enforce a complete system of workmen's compensation, by appropriate legislation," which shall include "full provision for adequate insurance coverage against liability to pay or furnish compensation . . . ; full provision for otherwise securing the payment of compensation . . . "; and acting under the authority thus granted, the legislature has provided by way of penalty that upon failure of the employer to secure payment of compensation as in said act required, the employee shall be given the remedy of an action at law for damages, wherein the trial court shall include in its judgment an allowance for attorney's fees. Under such circumstances the investiture in the judicial power of the state of jurisdiction to impose said penalty is a valid exercise of the legislative authority. (*E. Clemens Horst Co.* v. *Industrial Acc. Com.*, 184 Cal. 180 [16 A. L. R. 611, 193 Pac. 105].)

[7] Nor do we believe, as defendant contends, that the provisions of said section 29 (b) manifest a hostile discrimination against employers as a class and are therefore violative of the fourteenth amendment of the federal constitution. Defendant relies mainly in support of this point upon the

case of *Builders' Supply Depot* v. *O'Connor*, 150 Cal. 265 [119 Am. St. Rep. 193, 11 Ann. Cas. 712, 17 L. R. A. (N. S.) 909, 88 Pac. 982], the decision therein being based largely upon the decision in the case of *Gulf C. & S. F. Ry. Co.* v. *Ellis*, 165 U. S. 150 [41 L. Ed. 666, 17 Sup. Ct. Rep. 255, see, also, Rose's U. S. Notes]. In the case of *Engebretson* v. *Gay*, 158 Cal. 30 [Ann. Cas. 1912A, 690, 28 L. R. A. (N. S.) 1062, 109 Pac. 880], however, it was held that there is nothing in either of the cases mentioned to suggest that attorney's fees may not be allowed a successful plaintiff in certain classes of cases, the court saying that "The right to classify in this respect as long as the classification is 'based upon some difference bearing a reasonable and just relation to the act in respect to which the classification is attempted' was conceded by the opinion in *Gulf, C. & S. F. Ry. Co.* v. *Ellis*, 165 U. S. 150 [41 L. Ed. 666, 17 Sup. Ct. Rep. 255] (see *Atchison etc. R. R. Co.* v. *Matthews*, 174 U. S. 96 [43 L. Ed. 909, 19 Sup. Ct. Rep. 609]), and is recognized by all the authorities." In other words, it is held that a law is not to be declared unconstitutional where it operates uniformly and in the same manner upon all who stand in the same category or in the same relation to the law (*City of Pasadena* v. *Stimson*, 91 Cal. 238 [27 Pac. 604]; *Selowsky* v. *Superior Court*, 180 Cal. 404 [181 Pac. 652]; *In re Zhizhuzza*, 147 Cal. 328 [81 Pac. 955]), or where the distinction drawn is founded upon constitution or natural differences. (*Builders' Supply Depot* v. *O'Connor, supra.*)

The classification of cases under said section 29 (b) to which the provisions for the allowances of attorney's fees is made to apply is based entirely upon the classification of the legal relationships established by the Workmen's Compensation Act, such provision authorizing the allowance of said fees being incorporated in the act itself; and in the case of *Western Indemnity Co.* v. *Pillsbury*, 170 Cal. 686 [151 Pac. 398], it was held that the legislative classification of such legal relationships was deemed to be founded in reason and based on rational grounds of differentiation, and did not evidence an arbitrary discrimination; that consequently such classification was not violative of the fourteenth amendment of the federal constitution, but was a valid legislative exercise of the police power.

For the reasons stated in the case last cited, and those set forth in *Engebretson* v. *Gay, supra,* in sustaining the constitutionality of the law there under consideration, we conclude that no part of said section 29 (b) is open to the constitutional objections made by defendant.

The judgment is affirmed.

Tyler, P. J., and Campbell, J., *pro tem.,* concurred.