FEDERICO G. PÉREZ ALMIROTY, Petitioner and Appellee, v. PENSION BOARD, ETC., Respondent and Appellant.

No. 6791. Argued November 7, 1935.—Decided January 31, 1936.

*B. Fernández García, Attorney General (Benjamin J. Horton* on the brief), and *Angel C. Calderón, Deputy Attorney General,* for appellant. *Luis Tirado Géigel* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Federico G. Pérez Almiroty, an attorney-at-law residing in Río Piedras, applied to the District Court of San Juan for a writ of mandamus directed to the Pension Board of the Officers and Employees of the Insular Government to compel that board to credit him with the services rendered to the Government as a permanent officer thereof from January 1, 1924, to November 30, 1925, upon contributing the amounts which he had failed to pay, and to take such services into account when fixing the amount of the pension which, as a retired officer, he was entitled to receive.

The facts upon which the petition was based and which were admitted as proved, the same being summarized in petitioner's brief, are as follows:

"That petitioner and appellee rendered services to the Insular Government during the period from January 1, 1924, to November 30, 1925; that he was one of the officers covered by Act No. 22 of 1923, which had been repealed; that he did not contribute to the pension fund created by said Act of 1923; that he was also an officer comprised in Act No. 104 of 1925, and in that capacity requested and obtained his retirement by reason of his involuntary separation from the service; that in fixing the amount of his pension, he was not credited with the services rendered by him during the aforesaid

period on the ground that he had failed to contribute to the above-mentioned fund, and that he expressly stated his desire to obtain credit for said services, having requested from the appellant Board the computation of the same based on the fact that he had paid into the Retirement Fund the sums provided by said Act of 1923.''

An alternative writ was issued, and thereupon the board demurred to the petition on the ground that the same did not state a case for the relief sought, and also filed an answer admitting certain facts and denying others. Finally, both parties stipulated to submit the case to the decision of the court upon the merits of the legal questions involved, and the court decided the same by its judgment of June 15, 1934, against the board.

Feeling aggrieved by that decision, the board took an appeal. It has assigned three errors, claimed to have been committed by the district court in holding that section 18 of Act No. 104 of 1925 (Sess. Laws, p. 948) is mandatory; in deciding that said section does not fix any period within which a claim must be made; and in finding that the petitioner had filed his claim at the time his application for retirement was considered and decided.

The district court, in its statement of the case and opinion, after referring to the allegations and the proceedings in the case, declared that the controversy hinged upon the interpretation of section 18 of Act No. 104 of 1925, which reads as follows:

''Any officer or employee comprised in this Act who as such has not contributed to the Pension Fund created under Act No. 22 of 1923, and who desires to be given credit for services rendered from January 1, 1924, to the date on which this Act takes effect, may be granted said credit provided he pays to the retirement fund two (2) per cent of his salary during said period of time; *Provided*, that failure to make such payment shall not deprive said officer or employee comprised in this Act of credit for services rendered prior to January 1, 1924.''

In construing the above provisions, the court referred first to section 2 of the same act, which provides that the total

period of service which shall serve as a basis in computing the amount of the pension shall be computed from the date of the original appointment, including periods of service at different times, and concluded that "the effect" of section 18, "is simply to qualify . . . a right previously established in a general and absolute manner so as to impose on the respondent board the ministerial duty of acknowledging it to its full extent in accordance with the law."

It went on to cite section 9, which provides that if an officer or employee of forty or more years of age, to whom the act is applicable, after having served for a total period of not less than fifteen years and before he is entitled to retire, is involuntarily separated from the service for any reason except removal from the classified or unclassified Civil Service, such officer or employee shall be entitled to an annual life pension equal to two per cent of his average basic annual salary or compensation during the last seven years of computable service, multiplied by the number of years of service; and it concluded that these provisions reaffirm those of section 2.

The court then compared the Act of 1925 with that of 1923 (Sess. Laws, (2) p. 156) and, considering the scope of section 18 of the Act of 1925, it fixed it thus:

"So that, from an examination of the provision under consideration in the light of the above facts, it is evident that it was not the intention to vest the respondent board with discretionary power, said legal provision being in fact of a mandatory character, in spite of its wording, which was adopted clearly for the purpose of better expressing the conditional recognition of a right previously established. It follows that the services rendered by petitioners from January 1, 1924, to November 30, 1925, must be computed, as he has expressed his desire to receive credit for them and has offered to make the required payment. We hold that section 18 of Act No. 104 of 1925, as drafted, and in harmony with the general provisions of the statute, recognizes his absolute right thereto; and it is the unavoidable duty of the Board to grant said credit upon the basis of the payment required by law. It is inconceivable that where a

principal right has been granted not subject to any discretion on the part of the respondent the effectiveness of a subsidiary right should be made to depend upon such discretion. The alternative is clear: If the payment required by law is made, the services must be computed; if such payment is not made, credit can not be given for the services."

We have also carefully studied the briefs of both parties and we are convinced that mandamus does not lie.

Section 7 of Act No. 22 of 1923 (Session Laws, (2) p. 156) provides that the "Pension Fund" shall be formed with the proceeds of a tax of two per cent on the salaries of the employees, and it authorizes and directs the Auditor of Puerto Rico, from and after January 1, 1924, to make the corresponding deductions.

The Auditor did not deduct, nor did the petitioner pay, the two per cent on his salary as Assistant Attorney General while that law was in force, and after Act No. 104 of 1925 had been approved, which gave petitioner a new opportunity to make such payment, he allowed seven years to elapse without availing himself thereof. He attempted to resort to said act after his application for retirement had been presented and decided, when the board fixed the pension he was entitled to received at $1,185.47 annually and took no account of the period of service rendered without contributing to the pension fund. The petitioner maintains that his pension should have been fixed at $1,338.60, taking into consideration said period and subject to the payment, which he tendered, of $126.36, the amount of the deductions of two per cent on the salary earned by him during that period.

The circumstance that the law imposed on the Auditor the duty of making the deductions and that he failed to make them, might justify the legislative provision of 1925—the new opportunity granted to petitioner and to all other officers or employees similarly situated—but it would not justify the subsequent conduct of the petitioner.

Was the board absolutely bound to reconsider its decision at the instance of the petitioner when the latter informed it of his decision to avail himself of section 18 of Act No. 104 of 1925, and that he was ready to pay the deductions which should have been made seven or eight years before?

In our judgment, the board was not so bound. It was then too late for such a decision. Although the Act of 1925 does not expressly fix the duration of the period within which the officers or employees who had failed to comply with the duties imposed by the Act of 1923, might do so, in order to take advantage in due course of any benefits accruing to them therefrom, it must be understood that the lawmaker intended that this should be done within a reasonable time. It is not reasonable indeed to wait seven or eight years before making a payment of such nature, nor is it fair to the pension fund, for the deductions ought to be made as soon as possible in order that the proceeds thereof may be invested by the board, in accordance with the law—section 15—in municipal, insular, or federal bonds drawing interest at as early a date as possible.

We agree that the word "may," when used in a statute, will be construed as "must" on certain occasions, as when the statute imposes a positive duty instead of discretionary power—*U. S. ex rel. Stayton* v. *Paschall,* 9 F. (2d) 109—or when such a construction is necessary to give effect to the clear policy and intent of the legislature—*Marshal* v. *Foote,* 252 Pac. 1075, 1077—but such is not the case here. Here the clear intention of the Legislature was to give to the officers and employees another opportunity to avail themselves fully of the benefits of the law within a reasonable term, and the petitioner allowed such opportunity to pass without taking advantage thereof at the proper time.

If the act is studied as a whole, it will be readily seen that the board created thereby is a body upon which duties are imposed the fulfilment of which requires the exercise of discretion, one of such duties being the one set forth in section 18 of the act.

This very case which we are considering, shows how varied may be the situations presented in the petitions filed with the board. For this reason the Legislature provided in the said section 18 that "said credit may be granted" instead of "said credit must be granted" to the officer or employee who has not contributed to the pension fund created by Act No. 22 of 1923, and who desires to be given credit for services rendered from January 1, 1924, to the effective date of the Act of 1925.

██ The right to have the services rendered computed exists only where there has been a previous compliance with the law. The latter requires that deductions be timely made, and grants a further opportunity to make those which were not made in time, the board having the authority to grant credit in accordance with the facts and the law and the attendant circumstances. In thus acting the board must follow a similar method to that used in the courts of justice, when adjudicating cases brought before them by the parties. This is the case of a mere ministerial duty. It is one of the exercise of quasi judicial discretion. See *Huyke* v. *Pension Board*, 46 P.R.R. 203, where section 2 of Act No. 104 of 1925, cited herein as recognizing the fundamental right which, it is claimed, section 18 merely qualifies, was construed and applied by the Pension Board as not including the services rendered by officers without pay; which construction and application was accepted by this Supreme Court as correct. See also the cases of *Muñoz* v. *Ramos*, 39 P.R.R. 366; *Feliciano* v. *López*, 44 P.R.R. 911; *Font* v. *Pension Board*, 48 P.R.R. 23; *Padial* v. *Pension Board*, 48 P.R.R. 620.

In virtue thereof, and as no abuse of discretion on the part of the board in refusing to reconsider its decision of July 19, 1933, has been shown, the judgment appealed from must be reversed and another rendered instead dismissing the petition, without special imposition of costs.

Mr. Justice Wolf dissented.