In re FINNELL ESTATE, Appellant, v. JENNIE F. HOWARD, Respondent.

**Kansas City Court of Appeals, June 14, 1915.**

**ADMINISTRATORS: Dower in Personalty: · Distribution.** The phrase "dower in personal estate" occurring in section 117, Revised Statutes of Missouri 1909, refers to the widow's share in the personalty of her deceased husband, equal to the share of a child of such husband, given by section 349. So that when an intestate died leaving a widow and one child, and the widow had taken $400 worth of property at its appraised value under section 316, on this distribution between the widow and the child, said $400 should be deducted from the share going to the widow under said section 349.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*Sam C. Major, M. J. Lilly* and *W. M. Williams* for appellant.

*Whitecotton & Wight* for respondent.

TRIMBLE, J.—Lewis Finnell died, intestate, leaving a widow and an only child by a former marriage. The widow was appointed administratrix of the estate, and during the administration thereof applied for and was allowed $400 worth of personal property at its appraised value given her under the provisions of section 116, Revised Statutes 1909. After doing this, and paying all debts and costs of administration, there remained in her hands belonging to the estate a balance, upon final settlement, of $6965.23 for distribution. This she desired to divide equally between herself and her step-child, she being entitled to a child's part in the personal estate of her husband pursuant to the provisions of section 349, Revised Statutes 1909. The pro-

bate court, however, held that under section 117, Revised Statutes 1909, the $400 she had already received should be deducted from her share and directed that $3682.61 be distributed to the only child and $3282.62 be paid to her, the said widow.

From this order of distribution the widow appealed to the circuit court where the same view of the law was taken and a similar order of distribution was made. From it she appealed to this court.

By section 116, Revised Statutes 1909, the widow was allowed to "take such personal property as she chose not to exceed the appraised value of $400 for which she will give a receipt." Section 117 provides that: "The widow shall apply for such property named in the preceding section before the same shall be distributed or sold, *which shall be deducted from her dower in the personal estate if there be any.*"

What does this phrase "dower in the personal estate" mean or refer to? If it means or was intended to apply to the widow's share in the personal estate of her deceased husband, then the $400 must be deducted from the widow's share in this case since that is what section 117 says must be done.

The widow's share in the personal estate of the husband in this case arises by virtue of section 349, Revised Statutes 1909, which says: "When the husband . . . shall die, leaving a child or children, or other descendants, the widow . . . shall be entitled absolutely to a share in the personal estate belonging to the husband . . . at the time of his . . . death equal to the share of a child of such deceased husband."

Whether the share going to the widow under this section can be technically and strictly called "Dower in Personalty" or not, nevertheless the fact remains that it is treated and called "Dower." Section 349 is the same as section 2189, Revised Statutes 1879, so

far as the point here involved is concerned. The St. Louis Court of Appeals, in Hoyt v. Davis, 21 Mo. App. 235, l. c. 240, speaking of this section, says: ''The provision made by the statute for the widow out of the personal estate of her deceased husband has always been spoken of and regarded as dower since territorial times. The decisions of the Supreme Court from an early period likewise speaks of this provision as 'dower' or, dower in 'personalty.' '' [See, also, Hamphan v. Long, 70 Mo. App. 351, l. c. 353; Hayden's Admr., 23 Mo. 398.] In McFarland v. Baze's Admr., 24 Mo. 156, l. c. 157, Judge LEONARD, speaking of sections 30 and 32 of chapter 2, volume 1, Revised Statutes of Missouri, 1855 (which are now sections 114 and 116 of the 1909 Revision, but specified only $200 then), says: ''The two hundred dollars worth of a deceased husband's personal property, which is allowed to the widow by the thirtieth section of the administration law, is expressly spoken of in the statute as a part of her dower in her estate.'' [See, also, Hastings v. Myers, 21 Mo. 519, l. c. 521, and Cummings v. Cummings, 51 Mo. 261, l. c. 263, where the right of the widow to this personal property ''was part of her dower, expressly made so by law.'' In 1 Woerner on Am. Law of Admn. (2 Ed.), sec. 82, page 182, it is said: In Missouri the allowance to the widow is expressed by statute to be ''in addition to dower,'' a part of which (property selected by her not exceeding the appraised value of $400) is to be deducted from her distributive share in the estate (also given under the dower · act and not under the Statute of Descents and Distributions) if in excess of $400, but is not liable for debts.'' [See, also, Griffith v. Canning, 54 Mo. 282, l. c. 284; Glenn v. Gunn, 88 Mo. App. 423, l. c. 426.]

It would seem, therefore, that the Legislature, when it used the phrase ''dower in the personal estate if there be any'' in section 117, meant the child's part

in the personal estate of the husband to which the widow was entitled in case the husband died leaving a child, children or other descendants. The phrase means something, and if it does not mean that, to what else can it refer, and from what is the deduction to be made?

We do not think the remarks in Waters v. Herboth, 178 Mo. 166, l. c. 172, to the effect that sections 114, 115 and 116 were not designed to affect final distribution, and that the property covered thereby was to be separated from the estate and form no part of it either to the creditors nor the distributees, can be construed as militating against the view herein stated. The court was saying nothing about section 117 which is the section requiring the $400 to be deducted. The court was merely answering the objection raised in that case that the construction therein adopted would conflict with section 120. The remarks are undoubtedly true, the property covered by the sections is thereby separated from the estate so that it is not to be administered. So that the widow gets said property whether creditors or others get their claims or not; but this does not prevent section 117 from requiring the $400 to be deducted from the widow's share, equal to a child's part, in the personalty if there be any. Again, the court, in the case cited, was not dealing with the widow's share in the personalty equal to a child's part given her by the law under this section without any formal election on her part, but was deciding a case where the wife had died childless in which event the husband, under section 350, is entitled to one-half of the wife's real and personal estate absolutely, subject to the payment of debts. Neither this, nor the interest a widow may elect to take in the real and personal estate of her childless husband by virtue of sections 351 to 355 both inclusive, have anything in common with the property obtained under section 349. The property

obtained under the former sections can in no sense be termed or treated as "dower" since the property therein given is "in lieu of dower" and subject to the payment of debts except that which came to the husband from the wife. The difference between the rights conferred by section 349 and those conferred by sections 351-355 has been pointed out by the St. Louis Court of Appeals in Martin v. Jones, 155 Mo. App. 490. The property obtained under sections 351 and following, have never been termed or referred to as dower and hence decisions saying the widow is entitled to take, by election, property under these sections can also have her $400, do not decide even by analogy that, in cases where the widow takes a child's part in her husband's personal estate under section 349, she is exempt from having deducted therefrom the $400 received under section 116. The reason she is not exempt in this regard is merely because section 117 says she shall not be. It is true, at page 496 of the Martin case, Judge NORTONI says the bounties allowed to the widow under sections 114-117 "are no part of her dower *proper,*" and doubtless this may be technically correct, but it does not change the fact (nor was it so intended), that from early times personal property received by the widow under these sections was called dower in personalty so that we may be sure that is what the Legislature had in mind when it used the phrase "dower in the personal estate," in section 117.

The opinion in Howard v. Strode, 242 Mo. 210, does say, at page 219, that "the portion of the husband's personalty given to the widow by section 349 is not dower" but just before that, on page 218, the court refers to the fact "that the widow's interest in the husband's personalty is referred to as dower in section 117, Revised Statutes 1909," and in certain cited cases; and elsewhere on page 219 the court speaks of "the distinction between dower proper and the *so-called dower in personalty*" as having been pointed out

in Ferguson v. Gentry, 206 Mo. 189. The Supreme Court in this Howard case was not considering the meaning of the terms in section 117 but of something else. It does not, therefore, sustain appellant in her contention. The same is true of Mesersmith v. Mesersmith, 175 S. W. 914.

We are, therefore, of the opinion that the judgment should be affirmed. It is so ordered. All concur.