In re ESTATE OF ORIN E. STAMBAUGH, Deceased, LENA STAMBAUGH, Administratrix, Respondents, v. AMOS STAMBAUGH, et al., Appellants.

Springfield Court of Appeals, December 5, 1921.

EXECUTORS AND ADMINISTRATORS: Allowance not to be Deducted from Widow's Share on Distribution. Where intestate husband dies childless and without other decendants, and the surviving widow is allowed the $400, as provided in Revised Statutes 1919, section 107, and she elects to take one-half of the personal property, as provided in sections 321 and 323, the $400 should not be deducted from the amount of widow's share, on final distribution between the widow and collateral heirs; the allowance of the $400 under such circumstances not being considered as dower, under sections 105, 106 and 108.

Appeal from the Circuit Court of Polk County.—*Hon. C. H. Skinker, Judge.*

*Herman Pufahl* for appellants.

AFFIRMED.

(1)    The share given to the widow under section 349, R. S. 1909, now section 319, R. S. 1919, is no more "dower" than is the share given to her under section 351, R. S. 1909, now section 321, R. S. 1919. In both instances the widow is a "distributee," not a "doweress." If the $400 is to be deducted under one section, it certainly must be under the other. Howard v. Strode, 242 Mo. 210, 218, et seq. and cases cited. (2)    Respondent in the probate and circuit court relied on the case of Martin v. Jones, 155 Mo. App. 490, as sustaining her contention. (3)    This was the case of a childless widow, the same as the case at bar. Brown v. Tucker's Estate, 135 Mo. App. 600. This case was cited approvingly by this court in

Sparks v. Dorrell, 151 Mo. App. 184, on the question that it was not necessary for the widow to file her election to take one-half of the personal property. No intimation is made that the order of distribution in Brown v. Tucker's Estate, 135 Mo. App. 600, was not proper.

*J. M. Leavitt* and *L. Cunningham* for respondents.

(1) The widow is entitled to receive one-half the personal property subject to the payment of her husband's debts. She is not required to make any election to be entitled to this right. The one-half of the deceased husband's personal property is not dower. Sec. 321 R. S. 1919; Brown v. Tucker, 135 Mo. App. 602; Martin v. Jones, 155 Mo. App. 490. (2) The statutory allowance of $400 to the widow under section 107 is a different thing from dower in personal property. Glenn v. Gunn, 88 Mo. App. 423. (3) Under sec. 321, R. S. 1919, the widow is entitled to one-half the real estate and homestead out of the remainder. Adams v. Adams, 183 Mo. 396. If homestead be not cut out by election to take under this section, why should the $400 statutory allowance to widow be affected by such election?

BRADLEY, J.—This is an appeal from a judgment confirming and approving an order of distribution made by the probate court. The cause was tried in the circuit court on an agreed statement of facts. Orin E. Stambaugh died childless and intestate in Poke County on January 27, 1919. He left surviving his widow, his mother and father, four brothers and five sisters. The widow, on January 31, 1919, was appointed administratrix and filed her inventory and appraisement showing personal property of the appraised value of $9910.62. On February 4, 1919, the widow filed her application for household and kitchen furniture, and also asked for an allowance of $300 to supply the deficiency of provisions for the year's support, and also asked for the statutory allowance of $400, all of which were allowed to her by

the probate court. On February 18, 1919, the widow filed her elections to take one-half of the real estate in lieu of dower, and to take one-half of the personal property as provided by section 323 Revised Statutes 1919. On February 26, 1920, the administratrix filed her final settlement showing a balance for distribution of $6072.15, and asked for an order of distribution on the basis of one-half to the widow and one-eleventh of the remainder to each of the other heirs. The probate court ordered distribution on this basis, allowing the widow $3036.07 and each of the other heirs the sum of $276.01. To this order the father, mother, brothers and sisters filed exceptions on the ground that the $400 allowed the widow under section 107, Revised Statutes 1919, should have been deducted from the widow's share in distribution. The probate court overruled the exceptions, and an appeal was taken to the circuit court where the order of the probate court was upheld. From the judgment in the circuit court the exceptors appealed to this court.

The only question here is: Where the intestate husband dies childless and without other descendants, and the surviving widow is allowed the $400 as provided in section 107, Revised Statutes 1919, and where she elects to take one-half of the personal property as provided in sections 323 and 321 Revised Statutes 1919, should the $400 be deducted from the amount of the widow's share on final distribution between the widow and collateral heirs? In section 107, Revised Statutes 1919, it is provided that in addition to what the widow is given under sections 105 and 106 the widow may take such personal property as she may choose not to exceed the appraised value of $400 for which she shall give a receipt. In section 108 it is provided that the widow shall apply for the property named in section 107 before the same shall be distributed or sold and that such property so taken shall be deducted from her dower in the personal estate if there be any. The question, therefore, is reduced to this: Is the allowance of the $400 under the facts here to be considered as *dower?* If so that sum should have been

deducted from the widow's share in distribution between herself and the exceptors in accordance with section 108.

In Brown v. Tucker Estate, 135 Mo. App. 598, 117 S. W. 96, by the St. Louis Court of Appeals, it appears that Tucker, the intestate, died leaving surviving his widow, but no children or descendants of children. The administrator made his final settlement in the probate court and deducted from the widow's share on final distribution the $400 that had been allowed her. This cause reached the circuit court and finally the Court of Appeals, but not on the question of the correctness of deducting the $400, but on the question as to whether the widow in such a case was required to file her election in order to take one-half of the personal property as provided by what is now section 321 Revised Statutes 1919. It was held in that case that the widow in such circumstances was not required to file her election in order to take one-half of the personal property, and that is all that is held. While the $400 was deducted in that case no point whatever was made in that respect.

In Martin v. Jones, 155 Mo. App. 490, 134 S. W. 1097, it appears that the proceeding was for the widow's $400 allowance. Plaintiff in that case was the widow of William Parker Martin who died without children or other descendants. The widow in that case renounced the will and elected in accordance with what is now section 323. Immediately after making said election the widow applied for her $400 allowance. The executor claimed that by renouncing the will and electing to take one-half of the estate subject to debts the widow's right to such allowance became conditioned upon the fact that all debts were paid and that she was postponed to the status of an ordinary distributee. It was held in that case that the widow was entitled to the $400 independent of debts, and that she was not postponed to the status of an ordinary distributee. The law pertinent to the question in the instant case is discussed in that opinion somewhat at length, and the conclusion reached that the allowance to a widow of a husband who died childless, and without

other descendants, and takes personal property under what are now sections 105, 106, 107, that such property is no part of the widow's dower. It is said in that case that though what is now section 108 does provide that the widow's allowance not to exceed $400 shall be deducted from her dower in the personal estate, if any, the provision is without influence in the circumstance of a widow of a childless husband without other descendants, for in such case no dower in the personal estate of the husband exists. It is pointed out in Martin v. Jones, supra, that the ruling in Griffith v. Canning, 54 Mo. 282, was in effect overruled in State ex rel. Steers v. Taylor, 72 Mo. 656.

Appellants cite among other cases Finell Estate v. Howard, 191 Mo. App. 214, 177 S. W. 790. That case holds that the phrase ''dower in the personal estate,'' as used in what is now section 108, refers to the widow's share in the personalty of her deceased husband equal to the share of a child, and that when an intestate died leaving a widow and a child, and the widow had taken the $400, the $400 should be deducted from the share of the widow on distribution. The distinction between that case, however, and the case at bar, is that in that case the husband did not die without a child or other descendants.

In Klocke v. Klocke et al., 276 Mo. 572, 208 S. W. 825, a rather recent case, it appears that the plaintiff was the widow of Henry Klocke who died childless and intestate in 1913. At the time of his death Klocke was seized of a vested remainder in fee, subject to the life estate of his mother, in forty-one acres of land. The mother died in 1914, and thereafter Klocke's widow brought suit to partition the land between herself and her husband's three surviving sisters, alleging that she was entitled to one-half thereof. The defendants in the case claimed that since their brother was never in possession on account of the intervening life estate his widow was not entitled to dower, and hence not entitled to elect to, take one-half of the real estate in lieu of dower. It was also asked that the title be determined be-

tween parties. It was held in that case that the widow was entitled to one-half of the real estate not as dower, but under the statute, section 321, Revised Statutes 1919. While that case dealt only with real estate it is held that the estate or interest given the widow of a husband who dies childless and without other descendants under what is now section 321, is an estate or interest *other than dower*. This being the holding of the Supreme Court it is clear that the provisions of section 108 have no application to the facts of the case at bar.

The judgment below was for the right party, and should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.