IN RE ESTATE OF DELPHINE B. McBRIDE.
PERRY G. McBRIDE v. PERRY F. McBRIDE.[1]

November 1, 1935.

No. 30,459.

[1]Reported in 263 N. W. 105.

320

*Gustav C. Axelrod* and *Edward J. Cincera,* for appellant.
*Otis, Faricy & Burger,* for respondent.

I. M. OLSEN, JUSTICE.

For convenience we refer to Perry G. McBride, the father, as plaintiff, and to Perry F. McBride, the son, as defendant. Plaintiff appeals from an order denying his motion for amended findings or for a new trial.

The plaintiff and Delphine B. McBride were husband and wife and had been such for many years, although for a long period of time they lived apart. On July 21, 1933, the wife executed her last will and testament, leaving all her estate to her son, the defendant. She died on December 11, 1933, and her will was admitted to probate on January 16, 1934. About seven days after the death of the mother, the son asked his father to meet him at the office of the son's attorney. The father, then living in Minneapolis, came to St. Paul and met his son and the attorney at the office of the attorney. There the father was shown and read the will of the wife, which apparently he had not before known anything about. After he had read the will, the attorney asked him if that was agreeable and if he was willing it should be so, and the father simply nodded his head. He was then told that they had prepared a consent to the will. A stenographer walked in and handed the attorney the written consent, which is in words and figures as follows:

"I, Perry G. McBride, surviving spouse of Delphine B. McBride, deceased, hereby accept and assent to the provisions contained in the last will and testament of said Delphine McBride, deceased, made in St. Paul, Minnesota, on July 21, 1933, and I hereby elect to take under said Will.

"Dated at St. Paul, Minnesota, this 18th day of December, 1933."

Plaintiff signed the consent. The probate proceedings were had in the probate court of Ramsey county. Thereafter, on or about March 2, 1934, the plaintiff presented to the probate court a writing stating that he renounced and refused to accept the provisions of the will of his wife. On or about May 23, 1934, plaintiff presented to and filed with the probate court his petition asking the probate court to set apart to him the homestead of the wife in Ramsey county and to have allowed to him the household furniture of the value of $159, wearing apparel of the value of $50, and money in the amount of $500, as the personal property to which he was entitled under the statute. The probate court, on July 21, 1934, made its order denying the petition to set apart said homestead and allow said personal property to the plaintiff. An appeal was taken to the district court of Ramsey county, and, after hearing the evidence, that court made findings of fact and conclusions of law affirming the order of the probate court denying plaintiff's petition. From a denial of plaintiff's motion for amended findings or a new trial the appeal to this court was taken.

In the probate proceedings the inventory and appraisement of the estate of Delphine B. McBride states the value of the homestead to be $1,750, of the furniture and household goods $159, of the wearing apparel $50, of an automobile $150, and money in bank $2,772.04.

1. On this appeal two questions are presented. First, plaintiff contends that this so-called consent to the will of his wife, above set out, was not effective for any purpose; that there was no occasion for an election under this will, which gave nothing to plaintiff; that he was misled and did not know what effect the instrument had, was ignorant of his rights, and that the defendant and his attorney failed to inform him as to his rights in the estate of his wife; that there was no consideration for the consent; and that therefore it was of no effect and that he was entitled to take under the statute. The court found that at the time the plaintiff executed this assent to the will he knew the contents of the will, knew, understood, and appreciated the purpose and effect of the assent and signed and executed the same freely and voluntarily, and was not imposed upon or misled in any manner by anyone. On this ques-

tion, the finding of the court to the effect that he voluntarily consented to the will and understood and appreciated the effect of such assent has fair support in the evidence, and we sustain the finding of the trial court on that issue.

2. The serious question in the case is whether or not plaintiff's mere assent and consent to the will of his wife, without any consideration and without any assignment of his rights or transfer by him of any allowance to which he was entitled in his wife's estate, deprived plaintiff of making the selection and receiving the personal property provided in the statute to be allowed to the surviving husband or wife. 2 Mason Minn. St. 1927, § 8726, as far as here applicable, provides:

"1. The widow shall be allowed the wearing apparel of her deceased husband, his household furniture not exceeding five hundred dollars in value, and other personal property not exceeding the same amount, both to be selected by her; and she shall receive such allowances when she takes the provisions made for her by her husband's will as well as when he dies intestate. * * *

"7. All the provisions of this section shall apply as well to a surviving husband as to a surviving wife."

This allowance to the surviving spouse is a distinct and different provision from the general law of descent. It has been in effect for a very long time and has been passed upon by this court in a number of cases. The personal property allowed under this statute to the surviving husband or wife is not a part of the estate for the purpose of administration in the probate court. It is not subject to debts or to the payment of expenses of administration. It vests absolutely upon the death of a husband or wife. It has been held not to be subject to an inheritance tax. As early as 1888, in the case of Benjamin v. Laroche, 39 Minn. 334, 335, 40 N. W. 156, 157, in the concurring opinion of Justice Mitchell, he says:

"I concur, but would place the decision upon the ground that the right of a widow to the property allowed her by subdivision 1, § 1, chapter 51 [G. S. 1878], is as absolutely vested the instant of the death of her husband as that to her distributive share of the bal-

ance of the estate, the only difference being that in the one case the property is subject to administration and in the other not. ` Hence, if she dies before making a selection, the property allowed her by this section goes to her personal representatives or assigns, who may make the selection, where one is necessary, the same as she might do if living. The only effect of the selection is to give precision, so to speak, to the property which has already become hers on the husband's decease."

In 1908, in the case of Sammons v. Higbie's Estate, 103 Minn. 448, 115 N. W. 265, opinion by Justice Brown, it was contended by counsel that the abandonment by Mrs. Higbie of her husband and his home barred any claim to the property granted her by the statute. It was held that this was not a valid objection to the allowance under our statute; that the rights involved, being absolute by statute, were not barred or forfeited by the wife's abandonment of her husband before death, whether the abandonment was with or without cause; that if, at the time of the husband's death in any particular case the relation of husband and wife in fact exists, the provisions of the statute vest in the widow an unqualified right to the property there referred to; that the operation of the statute can be suspended or prevented only by a decree annulling or dissolving the marriage.

In Stromberg v. Stromberg, 119 Minn. 325, 327, 138 N. W. 428, 429, opinion by Justice Holt, in discussing the statute, the court said:

"The part the widow is entitled to is not to be included in the estate to be administered upon, and is not subject to the expenses of administration or the payment of proved claims, and is no part of the residue to be distributed. All that the probate court is called upon to do with relation to such property is to segregate it from the rest of the estate and order the executor or administrator to deliver it to the widow."

In State ex rel. Pettit v. Probate Court, 137 Minn. 238, 163 N. W. 285, L. R. A. 1917F, 436, it was held that the property allowed under

the statute to the widow was not subject to the state inheritance tax.

The last opinion treating of the subject is that in In re Estate of Carey, 194 Minn. 127, 260 N. W. 320, 328. In that case the wife made her will, making some provisions for her husband, and thereafter died. The husband in his lifetime made no election to take under the will or to renounce the will. After his death, representatives of his estate brought an action to set aside the decree of distribution of the probate court of that county in the matter of the estate of the wife. It was held in that case that the husband's guardian and the representatives of his estate had made an equitable election to take under the will, and the court refused to award anything to the representatives of the husband's estate. This court sustained the conclusions of the trial court that the husband and the representatives of his estate were bound by the election to take under the will, but held further that nevertheless the representatives were entitled to receive out of the estate the allowance to the surviving spouse provided in the statute we have set out. The court said [194 Minn. 145]:

"The right to this allowance is absolute and of course survives so that the personal representatives of the surviving spouse succeed thereto."

The judgment appealed from was modified to provide to the appellants $500 allowance out of the cash assets of the wife's estate. Here the surviving spouse has consented to the will. There was no election required because no property was willed to the husband. His consent to the will did not amount to a release or assignment of the absolute statutory allowance to which he was entitled. We cannot escape the conclusion that this husband, in spite of his consent to the will, which is not an assignment or release of anything and is not founded on any consideration, is, under our statute, entitled to the allowance provided for therein.

Much is said in the argument, and some statements are made in the court's findings, as to the equities in this case, but equity follows the law and cannot change the law. Here we think the statute clearly governs.

3. It is argued that by consenting to the will the plaintiff waived his right to the statutory allowance. The property covered by the statutory allowance, as has been shown, was already vested in plaintiff when this consent was given. It was not assets of the estate, and the will did not operate upon it. The mere consent to the will did not affect plaintiff's right thereto. Again, waiver is the relinquishment of a known right, and the evidence here negatives any knowledge by plaintiff of his right to this allowance. Defendant cannot take this property under the will, for it did not pass by a will, unless the will expressly so provides. If he is to receive same he must do so by assignment or transfer thereof from the plaintiff in some way. There was no effective waiver.

The order appealed from is reversed and the case remanded to the district court with directions to amend its findings of fact and conclusions of law so as to award to plaintiff the statutory allowance of the household furniture, wearing apparel, and $500 in money, selected by plaintiff under § 8726(1) of the statutes.

We see no necessity for a new trial.

Reversed.

STONE, JUSTICE (dissenting).

I agree in the law of this case as applied by Mr. Justice Olsen. But I cannot concur in concluding, as against the decision of Judge Michael, that there was no waiver. Consideration was not necessary to make appellant's waiver effectual if in fact it was a waiver. Explicitly, he did "accept and assent to the provisions" of the will. Moreover, there is in the record uncontradicted testimony of an admission by him that "he had signed over his share" in his wife's estate to respondent, his son.