Estate of Proctor D. Rensenhouse, Deceased, the Michigan Trust Company, Executor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 57683. Filed October 22, 1956.

*Irving Rothholtz, Esq.*, for the petitioner.
*J. Bruce Donaldson, Esq.*, for the respondent.

#### OPINION.

Kern, *Judge:* Respondent determined a deficiency in Federal estate taxes against petitioner estate in the sum of $2,301.71 as a result

of his disallowance of a deduction taken by the estate on account of a "widow's allowance" of $10,000. In an "Explanation of Adjustment to Net Estate" attached to the determination of deficiency, respondent justified his action as follows:

Under the laws of Michigan the allowance for maintenance of the widow during administration of the estate is an interest which may terminate in the event certain contingencies occur before she receives the full amount allowed by the Probate Court. Accordingly, it is held that no part of the widow's allowance qualifies for the marital deduction under the terms of Section 812 (e) of the Internal Revenue Code of 1939.

In the petition the following allegations of error are made:

(a) The Commissioner erred in holding that under the laws of Michigan. the allowance for maintenance of the widow during administration of the estate is an interest which may be terminated in the event certain contingencies occur before she receives the full amount allowed by the Probate Court.

(b) The Commissioner erred in holding that no part of the widow's allowance under the laws of the State of Michigan qualifies for the marital deduction under the terms of Section 812 (e) of the Internal Revenue Code of 1939.

(c) The Commissioner erred in failing to hold that under the laws of the State of Michigan (Comp. Laws, Michigan 1948–702.68) a widow's allowance when approved and authorized by the Probate Court having jurisdiction over the decedent's estate vested in the widow an absolute right to said allowance as a matter of law which qualified for the marital deduction under Section 812 (e) of the Internal Revenue Code of 1939.

The parties filed herein a complete stipulation of facts and we find the facts to be as stipulated. The facts pertinent to the issues presented are as follows:

Proctor D. Rensenhouse (hereinafter referred to as the decedent) died on May 24, 1952, a resident of Cass County, Michigan. The Michigan Trust Company was appointed executor by the Probate Court of Cass County, Michigan, and thereafter acted as executor under the last will and testament of the decedent. In his will the decedent bequeathed to his wife certain furniture and other "articles of household or personal use or ornament," and then, after reciting that he had provided an income for his wife through life insurance of approximately $5,000, devised the residue of his estate to the Michigan Trust Company as trustee, to pay from the income enough to make the total annual income of his wife $5,000 (with additional payments authorized under certain contingencies), to add the balance of the income to principal, and upon his wife's death to distribute the principal among his four children. No reference is made in the will to any "widow's allowance."

On August 18, 1953, a Federal estate tax return for the Estate of Proctor D. Rensenhouse was filed with the director of internal revenue, Detroit, Michigan.

The decedent left surviving him his spouse, Mary K. Rensenhouse, and four children, Ruth Anne, Jean Kimmerle, Proctor D., Jr., and Charles Kimmerle.

On October 29, 1952, the Probate Court for Cass County, Michigan, pursuant to the petition of Mary K. Rensenhouse, entered its order entitled "Order for Widow's Allowance." This order reads as follows:

This day having been appointed for hearing the petition of Mary K. Rensenhouse, widow of said deceased, praying for the assignment to her of her statutory allowance of said estate, and due notice of the hearing on said petition having been waived by the Executor of said estate and the residuary legatees, the petitioner appeared and no one appeared in opposition thereto.

It Is Hereby Ordered that an allowance in the sum of $10,000.00 per year to be paid at the rate of $833.33 per month be and the same is hereby granted out of the estate of said deceased for the support and maintenance of the widow for one year from the date of the death of said deceased.

On August 3, 1953, the Michigan Trust Company, acting as executor, paid over to Mary K. Rensenhouse the lump sum of $10,000 in satisfaction of the order of the Probate Court.

Mary K. Rensenhouse died on June 6, 1954.

In computing its Federal estate tax the Estate of Proctor D. Rensenhouse claimed as a portion of its marital deduction under section 812 (e), Internal Revenue Code of 1939, the amount of $10,000 paid to Mary K. Rensenhouse on August 3, 1953. Respondent in his determination has disallowed this portion of the claimed marital deduction.

Prior to the enactment of the Revenue Act of 1950, the item here involved would have been deductible from the decedent's gross estate pursuant to section 812 (b) (5) of the Internal Revenue Code of 1939, which provided for the deduction of—

(b) Expenses, Losses, Indebtedness, and Taxes—Such amounts—

\* \* \* \* \* \* \*

(5) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent,

as are allowed by the laws of the jurisdiction \* \* \* under which the estate is being administered, \* \* \*

However, by section 502 of the Revenue Act of 1950 this subsection of the Internal Revenue Code was repealed. The report of the Senate Finance Committee with regard to the Revenue Act of 1950, dated August 22, 1950 (S. Rept. No. 2375, 81st Cong., 2d Sess., 1950–2 C. B. 483, 525), gives the following explanation of this action:

Section 812 (b) of the Code allows the gross estate of a decedent to be reduced for estate tax purposes by amounts "reasonably required and actually expended" for the support of the decedent's dependents during settlement of the estate to the extent that such expenses are allowed by State law. This deduction is inconsistent with the concept of the estate tax as a tax on all properties transferred at death. In practice it has discriminated in favor of estates located in States which authorize liberal allowances for the support

of dependents, and it has probably also tended to delay the settlement of estates.

Section 502 of your committee's bill repeals this particular feature of the estate tax law. This amendment will apply with respect to estates of decedents dying after the date of enactment of this bill.

It is estimated that this action will increase the revenues by about $3,000,000 annually.

The report of the Ways and Means Committee of the House of Representatives with regard to this Revenue Act, dated June 23, 1950 (H. Rept. No. 2319, 81st Cong., 2d sess., 1950–2 C. B. 380, 478), gives the following explanation:

This section amends section 812 (b) of the Code (relating to deductions from gross estate of a decedent) to eliminate, effective with respect to estates of decedents dying after the date of enactment of the bill, the deduction for amounts expended for the support, during the settlement of the estate, of dependents of the decedent.

Under existing law amounts expended in accordance with the local law for support of the surviving spouse of the decedent are, by reason of their deductibility under section 812 (b), not allowable as a marital deduction under section 812 (e) of the Code. However, as a result of the amendment made by this section, such amounts heretofore deductible under section 812 (b) will be allowable as a marital deduction subject to the conditions and limitations of section 812 (e).[1]

Petitioner, being foreclosed by the Revenue Act of 1950 from deducting this payment to the widow as a part of "Expenses, Losses, Indebtedness and Taxes" deductible under section 812 (b), seeks to deduct it under section 812 (e) (1) providing for the deduction of "Allowance of Marital Deduction."[2]

---

[1] A similar paragraph is found in the "Detailed Discussion of the Technical Provisions of the Bill" attached to the Report of the Senate Finance Committee, *supra*, 1950–2 C. B. 576.

[2] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of a gross estate—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

(1) ALLOWANCE OF MARITAL DEDUCTION.—

(A) In General.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(B) Life Estate or Other Terminable Interest.—Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest.—

(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii) )—

(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

Respondent, in addition to his contention that the right of the widow to the payment here involved was a terminable interest and, therefore, the payment was not deductible because of the provisions of section 812 (e) (1) (B), advanced the argument at the time of the trial and contends on brief that no interest in property passed from the decedent to his surviving spouse within the meaning of section 812 (e) (3), which defines with particularity what interest in property shall be considered as passing from the decedent. That subsection reads as follows:

(3) DEFINITION.—For the purposes of this subsection an interest in property shall be considered as passing from the decedent to any person *if and only if*—.

(A)  such interest is bequeathed or devised to such person by the decedent; or

(B)  such interest is inherited by such person from the decedent; or

(C)  such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent; or

(D)  such interest has been transferred to such person by the decedent at any time; or

(E)  such interest was, at the time of the decedent's death, held by such person and the decedent (or by them and any other person) in joint ownership with right of survivorship; or

(F)  the decedent had a power (either alone or in conjunction with any person) to appoint such interest and if he appoints or has appointed such interest to such person, or if such person takes such interest in default upon the release or nonexercise of such power; or

(G)  such interest consists of proceeds of insurance upon the life of the decedent receivable by such person.

Except as provided in subparagraph (F) or (G) of paragraph (1), where at the time of the decedent's death it is not possible to ascertain the particular person or persons to whom an interest in property may pass from the decedent, such interest shall, for the purposes of clauses (i) and (ii) of subparagraph (B) of paragraph (1), be considered as passing from the decedent to a person other than the surviving spouse. [Italics supplied.]

Respondent's position on this matter differs from that taken by him in Revenue Ruling 83, 1953–1 C. B. 395, wherein he stated his opinion that if a widow's allowance would survive as an asset of the widow's estate in case she dies at any time following the decedent's death, the interest taken by the widow would constitute a deductible interest under section 812 (e) (1) (A). In that ruling he did not refer to section 812 (e) (3) or to the problem of whether the widow's allowance was an interest in property passing from the decedent.

Respondent's position now is that the widow's allowance is not an interest in property bequeathed or devised to her (section 812 (e) (3) (A)), is not an interest inherited by her (section 812 (e) (3) (B)), is not her dower interest or a statutory interest in lieu thereof (section 812 (e) (3) (C)), and obviously is not any other interest spelled out in section 812 (e) (3). Therefore, respondent concludes the widow's allowance is not an interest in property passing from the decedent to her under the specific definition of section 812 (e) (3), and accord-

ingly, it is not deductible under section 812 (e) (1). As authority he cites *Estate of Charles H. Franklin*, 43 B. T. A. 612; 21 Am. Jur., Executors and Administrators, secs. 314, 315, and 34 C. J. S., Executors and Administrators, sec. 334.

Petitioner, on brief, answers this contention as follows:

In Part II of his Brief, Respondent briefly endeavors to justify his contention that the widow's allowance does not pass to her from her deceased husband. However, he completely fails to recognize the source from which the widow's allowance is paid. The fact that the Statute provides for support payments does not mean that the State of Michigan is going to pay it. The allowance in all events is payable out of and by the decedent's estate and passes to her from her deceased husband as surely as if he had directed in his Will that the payments be made. As a legal document, the Will has contained within its four corners by construction the law in effect in Michigan as of the date it was written, and even if decedent attempted by express direction in his Will to deny his wife her widow's allowance, he could not prevent the Statute from operating. The order of the Probate Court awarding the allowance pursuant to the Statute serves to diminish the extent of the decedent's gross estate which in turn determines the value of the estate subject to the Federal Estate Tax.

In *Estate of Charles H. Franklin, supra,* we held in connection with the question of whether a widow was subject to income tax on a widow's allowance awarded under the same Michigan statute, that "the payment of a widow's allowance is a cost of and attaches to the administration * * * and settlement of the estate, irrespective of the source from which it came" and that the widow "received the" widow's allowance "not as a legatee, heir or beneficiary of the estate, but as the widow of the decedent and by virtue of the statute." In that case we relied upon the case of *Title Insurance & Trust Co., Executor,* 25 B. T. A. 805, in which we held that a widow's allowance awarded under a similar California statute was "in the nature of a part of the cost of administration."

In this characterization of a widow's allowance we followed the weight of authority, see *Johnson* v. *Johnson,* 154 Iowa 118, 134 N. W. 553; *Ahlf* v. *King,* 88 Colo. 425, 298 Pac. 647; *Hyder* v. *Hyder,* 16 Tenn. App. 64, 66 S. W. 2d 235; although some jurisdictions have on occasion treated the widow's allowance as a debt of the estate, see *Blankenship* v. *Hall,* 233 Ill. 116, 84 N. E. 192; *In re Werner's Estate,* 61 Ohio App. 304, 22 N. E. 2d 490; or in the nature of a preferred claim against the estate. *In re Somerville's Estate,* 64 S. D. 238, 266 N. W. 158. No authorities have come to our attention which are contrary to our opinion in *Estate of Charles H. Franklin, supra,* to the effect that the widow does not take her allowance as a legatee, heir, or beneficiary of the decedent's estate. Therefore, we conclude on the authority of that case that the widow's allowance involved herein was not an interest in property bequeathed or devised to her within the meaning of section 812 (e) (3) (A) and was not an interest inherited by her within the meaning of section 812 (e) (3) (B).

We are also of the opinion that the widow's allowance was not a dower interest or a statutory interest in lieu thereof within the meaning of section 812 (e) (3) (C). The right to a widow's allowance is in addition to her right of dower, not in lieu of such a right. See *In re McBride's Estate*, 195 Minn. 319, 263 N. W. 105; *In re Stambaugh's Estate*, 210 Mo. App. 636, 235 S. W. 472.

We also agree with respondent that paragraphs (D), (E), (F), and (G) of subsection 812 (e) (3) are obviously inapplicable to the widow's allowance here involved. Accordingly, we conclude that the widow's allowance was not an interest in property passing from the decedent as defined in section 812 (e) (3) and is therefore not deductible from the value of decedent's gross estate under the provisions of section 812 (e) (1).

We are conscious of the fact that this conclusion is contrary to the assumptions made in the Committee Reports with regard to the Revenue Act of 1950, *supra*,[3] and in Revenue Ruling 83, 1953–1 C. B. 395. However, the authors of these reports and this ruling did not discuss and specifically consider the question of whether a widow's allowance was an interest in property passing from the decedent within the meaning of section 812 (e) (3). This is the precise question which is squarely before us in this proceeding. We cannot assume it; we must decide it. This we have done after a careful consideration of the statute and pertinent case law.

While our decision is contrary to the assumptions made in the Committee Reports, it is not contrary to the fundamental Congressional intent in repealing section 812 (b) (5) of the Internal Revenue Code of 1939 as stated in the Senate Finance Committee Report with regard to the Revenue Act of 1950, *supra* (a Report dated some 2 months after the Ways and Means Committee Report). This was to put an end to the granting of deductions of "amounts * * * for the support of the decedent's dependents during the settlement of the estate" (which would include widow's allowances) because "it has discriminated in favor of estates located in states which authorize liberal allowances for the support of dependents, and it has probably also tended to delay the settlement of estates." Accordingly, Congress repealed the statutory basis for the allowance of such deductions as a part of "Expenses, Losses, Indebtedness and Taxes" covered by section 812 (b).[4] The assumption in the Committee Reports that a widow's allowance might be deductible as a marital deduction "subject to the conditions and limitations of section 812 (e)" cannot be taken by us as an authoritative statement of Congressional intent that

---

[3] It will be noted that the deductibility of "[a]mounts * * * for support of the Surviving Spouse" as a marital deduction assumed by these reports was assumed to be such "subject to the conditions and limitations of section 812 (e)."

[4] Since widow's allowances are in the nature of expenses of administration, this is the logical subsection of the Internal Revenue Code to provide for their deductions.

a widow's allowance shall be deductible when we are convinced, as we are, that "the conditions and limitations of section 812 (e)" make it impossible for us to conclude that it is an interest in property passing from the decedent.

Because of our conclusion that the widow's allowance here involved was not an interest in property passing from the decedent within the meaning of section 812 (e) (1), it is unnecessary to consider the question of whether it was a terminable interest.

Reviewed by the Court.

*Decision will be entered for the respondent.*

PIERCE, *J.*, dissenting: In my opinion, amounts paid to a widow pursuant to a court order for support when the estate is in administration are eligible for the marital deduction if such payments do not constitute a "terminable interest." Here, the majority did not find or hold that the lump sum of $10,000 actually paid to the widow here involved, was a "terminable interest."

Section 812 (e) (1) (A) provides, in general, that a marital deduction is allowable for "any interest in property which passes or has passed from the decedent to his surviving spouse" where "such interest is included in determining the value of the gross estate." The $10,000 paid to the widow in the instant case was an interest includible in the decedent's gross estate, which she, in the capacity of the widow and hence one of the heirs, was entitled to take out of the estate and have passed to her, even against the will; and accordingly, said interest would appear to qualify under both the letter and intent of the above statute.

Certainly this is the construction of section 812 (e) (1) (A) which the Ways and Means Committee believed would be applicable, when it approved the amendment contained in section 502 of the Revenue Act of 1950; for it said in its report (H. Rept. No. 2319, 81st Cong., 2d Sess., 1950–2 C. B. 380, 478) :

However, as a result of the amendment made by this section, such amounts here-tofore deductible under section 812 (b) will be allowable as a marital deduction subject to the conditions and limitations of section 812 (e).

The report of the Senate Finance Committee on the amendment contains the same identical statement. S. Rept. No. 2375, 81st Cong., 2d Sess., 1950–2 C. B. 483, 576. This also reflects the view of the Commissioner of Internal Revenue, as set forth in Revenue Ruling 83, 1953–1 C. B. 395.

As regards the provisions of section 812 (e) (3), I think the majority has placed too narrow a construction on the term "inherited," contained in paragraph (B) thereof. At least, the meaning of "inheritance" is not so free from doubt that resort may not be had to the

construction placed upon the section by the appropriate legislative committees. Also, in *Lyeth* v. *Hoey*, 305 U. S. 188, the Supreme Court, in dealing with the term "inheritance" as used in section 22 (b) (3), said:

the question whether what the heir has thus received has been "acquired by inheritance" within the meaning of the federal statute necessarily is a federal question. It is not determined by local characterization.

\* \* \* \* \* \* \*

In exempting from the income tax the value of property acquired by "bequest, devise, or inheritance", Congress used comprehensive terms embracing all acquisitions in the devolution of a decedent's estate. \* \* \*

\* \* \* \* \* \* \*

Respondent agrees that the word "inheritance" as used in the federal statute is not solely applicable to cases of complete intestacy. \* \* \*

I think the same principles were intended to be applicable in construing section 812 (e).

Since the majority decided that "it is unnecessary to consider the question of whether it was a terminable interest," I likewise express no view as to that question. My dissent is directed solely to the majority holding that the widow's allowance "was not an interest in property passing from the decedent within the meaning of section 812 (e) (1)"—apparently, irrespective of whether or not it was a "terminable interest."

I would have decided the question, upon which the majority based its opinion, in favor of the taxpayer.

OPPER and MULRONEY, *JJ.*, agree with this dissent.