T.C. Memo. 2006-251


UNITED STATES TAX COURT


JAN MCMASTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20992-05L.                    Filed November 16, 2006.


Jan McMaster, pro se.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:  This case is before the Court on petitioner's Motion for Leave to File Motion to Vacate Order of Dismissal for Lack of Jurisdiction (hereinafter referred to as petitioner's motion for leave).  We must decide whether to grant petitioner's motion for leave.  At all relevant times, petitioner resided in Marana, Arizona.

Background

On October 5, 2005, respondent issued to petitioner a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 (notice of determination) regarding her unpaid Federal income taxes for 2001 and 2002.[1]  Respondent's Office of Appeals determined that it was appropriate to collect petitioner's unpaid taxes by levy.  On November 2, 2005, petitioner sent to the Court a document, which states in relevant part:

> Dear Tax Court,
>
> I received a notice of determination letter from the IRS for tax years 2001 and 2002.  Their letter states I must file a petition with the United States Tax Court within 30 days from Oct. 5, 2005 if I want to dispute the determination.  Please consider this as that petition and a protest.
>
> I was denied an in person due process hearing and though I asked several times none of my concerns or questions were answered by anyone at the IRS.  It appeared as if I was writing to a computer that didn't have the capacity to think or reason.  The agent, if there really was one, was absolutely no help to me. They appear extremely uncooperative in even the most basic matters.
>
> I asked them to show me how I could owe taxes when I didn't have a job and am on disability.  I do not believe I owe them anything for any year.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

I am asking your help in this matter. I don't know what my next step should be. I believe the IRS is wrong and I want to protest.

Do I have to go to court over this?

How do I get a public defender?

Thank you for helping me.

This document failed to comply with the Rules of the Court as to the form and content of a proper petition. Petitioner also failed to submit the required filing fee. Nevertheless, on November 7, 2005, the Court filed petitioner's document as an imperfect petition regarding respondent's notice of determination. By order dated November 10, 2005, the Court directed petitioner to file a proper amended petition and to pay the filing fee on or before December 27, 2005. The order stated that if an amended petition and the filing fee were not received on or before December 27, 2005, the case would be dismissed. By order dated January 19, 2006, the Court extended the time for petitioner to file a proper amended petition and to pay the filing fee until February 9, 2006. Petitioner paid the filing fee but failed to timely respond to the Court's orders to file an amended petition. On March 27, 2006, the Court entered an Order of Dismissal for Lack of Jurisdiction (order of dismissal).

On June 26, 2006, 91 days after the order of dismissal was entered, petitioner mailed to the Court two documents entitled "Request Permission to File Motion to Vacate Order of Dismissal

for Lack of Jurisdiction" (motion for leave) and "Motion to Vacate Order of Dismissal for Lack of Jurisdiction" (motion to vacate).  The motions state in relevant part:

> <u>REQUEST PERMISSION TO FILE MOTION TO VACATE ORDER OF DISMISSAL FOR LACK OF JURISDICTION</u>
>
> PETITIONER respectfully requests permission from the Court to file this motion to vacate "ORDER OF DISMISSAL FOR LACK OF JURISDICTION" for the tax year/s **2001** and **2002**, with Docket No. 20992-05 [sic].  PETITIONER also requests leave from the court to accept PETITIONER's amended petition.  PETITIONER desires to dispute the RESPONDENT's determination made with respect to PETITIONER's income taxes for the tax year [sic].  PETITIONER will file Motion to Vacate Order of Dismissal for Lack of Jurisdiction concurrently with this Motion.
>
> <u>MOTION TO VACATE ORDER OF DISMISSAL FOR LACK OF JURISDICTION</u>
>
> PETITIONER respectfully requests that the Court vacate its Order of Dismissal for Lack of Jurisdiction with the Docket No. **20992-05L**, for the Tax Years **2001** and **2002**.  PETITIONER also request [sic] for the Court to determine the case lay [sic] out by the PETITIONER's Amended Petition, which will be filed concurrently with this motion.  PETITIONER will also file an Amended Petition and the Designation of Place of Trial concurrently with this motion.

On July 3, 2006, 98 days after the order of dismissal was entered, the Court filed the former document as a "Motion for Leave to File Motion to Vacate Order of Dismissal for Lack of Jurisdiction" (motion for leave).  Petitioner's amended petition was sent and received with the motion for leave and motion to vacate.

## Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time.  Stewart v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 6); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).

On March 27, 2006, we dismissed petitioner's case for lack of jurisdiction.  An order of dismissal for lack of jurisdiction is treated as the Court's decision.  Stewart v. Commissioner, supra at ___ (slip op. at 5); Hazim v. Commissioner, 82 T.C. 471, 476 (1984).  Section 7459(c) provides, in relevant part:

> SEC. 7459(c).  Date of Decision.-- * * * if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction.  Ryan v. Commissioner, 517 F.2d 13, 16 (7th Cir. 1975); Commissioner v. S. Frieder & Sons Co., 228 F.2d 478, 480 (3d Cir. 1955); Stewart v. Commissioner, supra at ___ (slip op. at 5).

Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once an order of dismissal for lack of jurisdiction becomes final within the meaning of section 7481.  Stewart v. Commissioner, supra at ___ (slip op. at 6-7 & n.3).  A decision of the Tax Court becomes final "Upon the

expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time".  Sec. 7481(a)(1).  Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered.[2]

Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, if under the Tax Court's Rules a party makes a timely motion to vacate or revise a decision, "the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."[3] Our Rule 162 provides that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the

---

[2] As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

[3] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal.
(1) Review of a decision of the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision.  At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).  If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered.  (2) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

Court shall otherwise permit." (Emphasis added.) Petitioner did not file a motion to vacate or revise within 30 days after the Court's order of dismissal was entered. Therefore, in order for her motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound discretion of the Court. See Rule 162; Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; Stewart v. Commissioner, supra at ___ (slip op. at 5-6); Brookes v. Commissioner, 108 T.C. 1, 7 (1997).

Petitioner's motion for leave was postmarked and mailed prior to the expiration of the 90-day appeal period.[4] The timely-mailing/timely-filing provisions of section 7502 apply to a motion for leave to file a motion to vacate a decision that is mailed and postmarked prior to, but received by the Court after, the expiration of the 90-day appeal period. Stewart v. Commissioner, supra at ___ (slip op. at 13). Therefore, we have jurisdiction to consider petitioner's motion for leave. However, whether the Court retains jurisdiction over petitioner's case

---

[4] June 25, 2006, the 90th day after the order of dismissal for lack of jurisdiction was entered, fell on a Sunday. Although that is the day that the Court's order of dismissal would normally become final, pursuant to sec. 7503 petitioner had until June 26, 2006, the following Monday, to file a notice of appeal. Stewart v. Commissioner, 127 T.C. ___,___ (2006) (slip op. at 13); see also Fed. R. App. P. 26(a)(3). Therefore, petitioner's motion for leave is deemed timely filed.

depends on whether the Court grants leave to file petitioner's motion to vacate.  Id. at ___ (slip op. at 14).  If the Court grants the motion for leave, then the time for appeal is extended.  Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; Nordvik v. Commissioner, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731; Stewart v. Commissioner, supra at ___ (slip op. at 14).  However, if the motion for leave is not granted, the motion to vacate cannot be filed.  If the motion to vacate is not filed, the appeal period is not extended, and the order of dismissal for lack of jurisdiction is final.  The filing of a taxpayer's motion for leave to file a motion to vacate does not extend the time for appeal unless the Court grants the motion for leave and permits the filing of the motion to vacate.  Nordvik v. Commissioner, supra at 1492; Stewart v. Commissioner, supra at ___ (slip op. at 15-16); Haley v. Commissioner, 805 F. Supp. 834, 836 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[5]

Whether to grant petitioner's motion for leave is discretionary.  Stewart v. Commissioner, supra at ___ (slip op.

---

[5] In Nordvik v. Commissioner, 67 F.3d 1489, 1492 n.2 (9th Cir. 1995), affg. T.C. Memo. 1992-731, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in Haley v. Commissioner, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

at 5-6).  However, a timely motion for leave, without more, is not necessarily sufficient to persuade the Court to grant such motion.  In deciding what action to take, "We are guided primarily by whether it would be in the interest of justice to vacate the prior decision.  But, we also recognize that litigation must end at sometime."  Estate of Egger v. Commissioner, 92 T.C. 1079, 1083 (1989); Manchester Group v. Commissioner, T.C. Memo. 1997-576.

Petitioner failed to file an amended petition or to pay the required filing fee in accordance with the Court's November 10, 2005, order.  On January 19, 2006, the Court extended the time for petitioner to file an amended petition and to pay the filing fee until February 9, 2006.  Although petitioner eventually paid the filing fee, she failed to comply with the Court's orders to file a proper amended petition.  After her case was dismissed for lack of jurisdiction, petitioner waited until the time for appeal was about to expire to file her motion for leave.

Petitioner has been afforded several opportunities and sufficient time to file her amended petition.  Petitioner has repeatedly failed to comply with the Court's orders, and she has provided no reasonable excuses for her lack of compliance. Therefore, in the exercise of our discretion and in the interests

of justice, we will deny petitioner's motion for leave.[6] It follows that the Court's order of dismissal for lack of jurisdiction in this case became final on June 26, 2006, 91 days after the order of dismissal was entered.[7]

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[6] See <u>Rice v. Commissioner</u>, T.C. Memo. 2006-236; <u>Walther v. Commissioner</u>, T.C. Memo. 2006-247; <u>Sprenger v. Commissioner</u>, T.C. Memo. 2006-248; and <u>Hoffman v. Commissioner</u>, T.C. Memo. 2006-249, in each of which the taxpayer's filings and failure to comply with the Court's orders were similar, resulting in the denial of the taxpayer's motion for leave to file a motion to vacate the Court's order of dismissal for lack of jurisdiction.

[7] See <u>supra</u> note 4.